# Exhibit 1

**The Philadelphia Courts**
**Civil Docket Access**

🛒 No Items in Cart  |  LOGOUT  tkline2

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230902133 |
| **Case Caption:** | GREENWALD VS INTEGON GENERAL INSURANCE CORPORATION |
| **Filing Date:** | Thursday , September 21st, 2023 |
| **Court:** | CLASS ACTION |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| **Case Type:** | CLASS ACTION |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HAGGERTY, JAMES C |
| **Address:** | 1801 MARKET STREET SUITE 1100 PHILADELPHIA PA 19103 (267)350-6600 jhaggerty@hgsklawyers.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | GREENWALD, KENNETH |
| **Address:** | 3304 GURLEY ROAD PHILADELPHIA PA 19154 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | INTEGON GENERAL INSURANCE CORPORATION |

| **Address:** | 500 WEST FIFTH STREET WINSTON SALEM NC 27102 | **Aliases:** | *none* |
|---|---|---|---|
| | | | |
| 4 | | TEAM LEADER | PATRICK, PAULA |
| **Address:** | CITY HALL ROOM 481 PHILADELPHIA PA 19107 (215)686-8338 | **Aliases:** | *none* |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 21-SEP-2023 02:53 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2309043616 | | |
| | | | |
| 21-SEP-2023 02:53 PM | COMMENCEMENT OF CIVIL ACTION | HAGGERTY, JAMES C | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 21-SEP-2023 02:53 PM | COMPLAINT FILED NOTICE GIVEN | HAGGERTY, JAMES C | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>Complaint to be filed 20230915140745747.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 21-SEP-2023 02:53 PM | WAITING TO LIST CASE MGMT CONF | HAGGERTY, JAMES C | |
| **Docket Entry:** | *none.* | | |
| | | | |

| 02-OCT-2023 09:43 AM | AFFIDAVIT OF SERVICE FILED | HAGGERTY, JAMES C | |
|---|---|---|---|
| **Documents:** | ↪ Click link(s) to preview/purchase the documents<br>COS to defendant of complaint 20231002094643642.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON INTEGON GENERAL INSURANCE CORPORATION BY CERTIFIED MAIL ON 09/26/2023 FILED. (FILED ON BEHALF OF KENNETH GREENWALD) | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2023**

**02133**

E-Filing Number: 2309043616

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KENNETH GREENWALD | INTEGON GENERAL INSURANCE CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3304 GURLEY ROAD<br>PHILADELPHIA PA 19154 | 500 WEST FIFTH STREET<br>WINSTON SALEM NC 27102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**

☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**

☐ Arbitration          ☐ Mass Tort          ☐ Commerce          ☐ Settlement
☐ Jury                 ☐ Savings Action     ☐ Minor Court Appeal ☐ Minors
☐ Non-Jury             ☐ Petition           ☐ Statutory Appeals  ☐ W/D/Survival
☒ Other: CLASS ACTION

**CASE TYPE AND CODE**

C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br><br>SEP 21 2023<br><br>**G. IMPERATO** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KENNETH GREENWALD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1801 MARKET STREET<br>SUITE 1100<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)350-6600 | (215)665-8201 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30003 | jhaggerty@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JAMES HAGGERTY* | Thursday, September 21, 2023, 02:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

KENNETH GREENWALD, INDIVIDUALLY :
AND ON BEHALF OF A CLASS OF : COURT OF COMMON PLEAS
SIMILARLY SITUATED PERSONS : PHILADELPHIA COUNTY
3304 Gurley Road :
Philadelphia, PA  19154 :
 :
 :
    v. :
 :
INTEGON GENERAL INSURANCE :
CORPORATION :
500 West Fifth Street :
Winston Salem, NC  27102 :

*Filed and Attested by the
Office of Judicial Records
SEP 2023 02:53 pm
G. IMPERATO*

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder diner or sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

KENNETH GREENWALD, INDIVIDUALLY : 
AND ON BEHALF OF A CLASS OF : COURT OF COMMON PLEAS OF
SIMILARLY SITUATED PERSONS : PHILADELPHIA COUNTY
3304 Gurley Road :
Philadelphia, PA  19154 :
 :
 :
    v. :
 :
INTEGON GENERAL INSURANCE :
CORPORATION :
500 West Fifth Street :
Winston Salem, NC  27102 :

## CIVIL ACTION -- CLASS ACTION COMPLAINT

### Generally

1.  The plaintiff, Kenneth Greenwald, is an adult individual citizen and resident of

the Commonwealth of Pennsylvania, residing at 3304 Gurley Road, Philadelphia, Pennsylvania

19154.

2.  The defendant, Integon General Insurance Corporation ("Integon"),  is a

corporation organized and existing under the laws of the State of North Carolina, being duly

authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of

business located in Winston Salem, North Carolina.

3.  The defendant, Integon, regularly and routinely conducts business in the City and

County of Philadelphia, Pennsylvania.

4.  The present action seeks Declaratory Relief, Contractual Underinsured Motorist

Benefits and Extra-Contractual Bad Faith damages on behalf of the individual plaintiff, Kenneth

Greenwald, and on behalf of a class of similarly situated persons.

1

**Accident**

5.    On June 4, 2021, Kenneth Greenwald was operating his 2010 Toyota Corolla in a westbound direction on Street Road.

6.    On June 4, 2021, Andrey Makarenko was operating is 2007 Mercedes Benz in an eastbound direction on Street Road.

7.    Suddenly and without warning, Andrey Makarenko attempted to make a U-turn in the center of the block on Street Road turning directly into the path of the plaintiff, Kenneth Greenwald, resulting in a violent collision.

8.    The actions of Andrey Makarenko caused the June 4, 2021 collision.

9.    The collision was caused by the carelessness of Andrey Makarenko in the operation of his vehicle.

10.    The plaintiff, Kenneth Greenwald, sustained serious and permanent personal injuries in the collision.

**Insurance Coverage**

11.    At all times material hereto, there existed, in full force and effect, a personal auto policy issued by the GEICO General Insurance Company to Lyubov M. Lincoln insuring the vehicle being operated by Andrey Makarenko ("GEICO General Policy") at the time of the June 4, 2021 collision, providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL").

12.    The GEICO General Policy provided, *inter alia*, $25,000.00/$50,000.00 in liability coverage.

2

13.     At all times material hereto, there existed, in full force and effect, a policy of insurance issued by the Integon General Insurance Corporation to the plaintiff, Kenneth Greenwald, ("Integon Policy"), providing coverage in accordance with the MVFRL.  A true and correct copy of the Integon Policy is attached hereto as Exhibit "A".

14.     The Integon Policy provided, *inter alia*, $15,000.00/$30,000.00 in underinsured motorist coverage.

### Tort Claim

15.     Following the June 4, 2021 collision, Kenneth Greenwald made claim upon Andrey Makarenko and the GEICO General Insurance Company seeking recovery of damages in tort.

16.     Following receipt of the claim for damages in tort, the GEICO General Insurance Company, on behalf of Andrey Makarenko, tendered to Kenneth Greenwald the $25,000.00 limit of liability coverage under the GEICO General Policy.

17.     The tort claims of the plaintiff, Kenneth Greenwald, against Andrey Makarenko were settled for the $25,000.00 limit of the GEICO General Policy.

### Underinsured Motorist Claim

18.     Following the settlement of the tort action, the plaintiff, Kenneth Greenwald, made claim upon Integon for recovery of underinsured motorist benefits under the Integon Policy.

19.     By letter dated July 7, 2022, counsel for Kenneth Greenwald wrote to the defendant, Integon, placing it on notice of an underinsured motorist claim.  A true and correct copy of the July 7, 2022 letter is attached as Exhibit "B".

Case ID: 230902133

20.    By letter dated July 15, 2022, Kayla Chasse, Claim Representative of the defendant, Integon, wrote to counsel for the plaintiff, Kenneth Greenwald, denying coverage for the loss.  A true and correct copy of the July 15, 2022 letter is attached as Exhibit "C".

21.    The July 15, 2022 letter from Kayla Chasse, Claim Representative of the defendant, Integon, to counsel for the plaintiff, Kenneth Greenwald, provided, in pertinent part:

> We have concluded our investigation of this matter.  Kenneth's auto policy carries a limit of $15,000.00 per person/$30,000.00 per occurrence for uninsured/underinsured bodily injury coverage.
>
> *                              *                              *
>
> At this time, and given the other parties' policy carries a higher limit of coverage, and our entitlement to an offset of their bodily injury coverage, we are closing our uninsured/underinsured motorist bodily injury claim.

See Exhibit "C".

22.    By letter dated July 18, 2022, counsel for the plaintiff, Kenneth Greenwald, wrote to Kayla Chasse, Claim Representative of the defendant, Integon, advising that the denial of coverage on the basis of a perceived offset was void and unenforceable under the MVFRL.   A true and correct copy of the July 18, 2022 letter is attached as Exhibit "D".

23.    The July 18, 2022 letter from counsel for the plaintiff, Kenneth Greenwald, to Kayla Chasse, Claim Representative of the defendant, Integon, provided, in pertinent part:

> As noted, Pennsylvania is an "excess" and not a "gap" state.  If the policy language provides for gap coverage then the policy language is void as against public policy and will not be enforced on the State [sic] of Pennsylvania.

See Exhibit "D".

24.    By email dated July 19, 2022, Kayla Chasse, Claim Representative of the defendant, Integon, wrote to counsel for the plaintiff, Kenneth Greenwald, citing the specific

4

policy language which purportedly supports its denial of the underinsured motorist claim. A true
and correct copy of the July 19, 2022 email is attached as Exhibit "E".

     25.     The July 19, 2022 email from Kayla Chasse, Claim Representative of the
defendant, Integon, to counsel for the plaintiff, Kenneth Greenwald, provided:

> Please see Mr. Greenwald's policy language, in specific on page 18 of 32 .

> In specific:

>> E. Any payment under PART C >UNINSURED AND UNDERINSURED
>> MOTORIST BODIILY INJURY COVERAGE will be reduced by all sums:

>> 1.     Paid or payable from or on behalf of persons or organizations that may be
>> legally liable. This includes, but is not limited to, all sums paid or payable under
>> PART A>LIABILITY COVERAGE; and

See Exhibit "E".

     26.     By letter dated July 20, 2022, counsel for the plaintiff, Kenneth Greenwald, wrote
to Kayla Chasse, Claim Representative of the defendant, Integon, advising her of the correct
status of Pennsylvania law. A true and correct copy of the July 20, 2022 letter is attached as
Exhibit "F".

     27.     The July 20, 2022 letter from counsel or the plaintiff, Kenneth Greenwald, to
Kayla Chasse, Claim Representative of the defendant, Integon, provided, in pertinent part:

> I have taken the opportunity to thoroughly review what you purport to be the insuring
> policy covering Mr. Greenwald. Having done so, I conclude that your interpretation of
> the policy language, as it applies to UIM coverage, is accurate in that this particular
> policy provides for "gap" coverage. HOWEVER, Pennsylvania is an "excess" state,
> which means that the UIM coverage starts with dollar one.

               *                          *                          *

5

I strongly recommend that your supervisor confer with house counsel and seek their legal opinion as to the efficacy of your policy.

See Exhibit "F".

28.    The defendant, Integon, refused to reconsider its denial of underinsured motorist coverage to the plaintiff, Kenneth Greenwald, a demand based on the illegal and unenforceable offset language in the Integon Policy.

29.    The language in the Integon Policy upon which the defendant, Integon, relies in the denial of underinsured motorist benefits to the plaintiff, Kenneth Greenwald, is void and unenforceable as violative of the MVFRL.

30.    The defendant, Integon, has willfully and recklessly denied the underinsured motorist claim of the plaintiff, Kenneth Greenwald, in direct violation of the requirements of the law of the Commonwealth of Pennsylvania.

## Class Action Allegations

31.    The plaintiff, Kenneth Greenwald, brings this action individually, and as a class action on behalf of a class of similarly situated persons.

32.    The defendant, Integon, has systemically and wrongfully denied uninsured and underinsured motorist coverages under personal auto policies issued in the Commonwealth of Pennsylvania on the basis of the following policy language:

Any payment under PART C>UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.    Paid or payable from or on behalf of persons or organizations that may be legally liable.  This includes, but is not limited to, all sums paid or payable under PART A>LIABILITY COVERAGE; and

See Exhibit "A", Pennsylvania Personal Automobile Policy, p. 18 of 32.

6

33.    The plaintiff, Kenneth Greenwald, seeks to represent a class of persons who were named insureds or insureds under policies issued by the defendant, Integon, in the Commonwealth of Pennsylvania, were injured in motor vehicle accidents as a result of the negligence of an uninsured or underinsured motorist but were denied uninsured and/or underinsured motorist benefits by reason of the invalid and unenforceable limitation of coverage found in the Integon Policy.

34.    The plaintiff, Kenneth Greenwald, seeks to represent a class of person: (a) who sustained injury in a motor vehicle accident; (b) who were the named insured or the insured under a policy providing uninsured and/or underinsured motorist coverage issued by Integon in the Commonwealth of Pennsylvania providing coverage in accordance with the MVFRL; (c) who made claim for recovery of uninsured and/or underinsured motorist benefits under the Integon Policy under which they were the named insured or an insured; and (d) whose claim for recovery of uninsured and/or underinsured motorist benefits was denied by reason of the invalid and unenforceable limitation of coverage found in the Integon Policy.

35.    The plaintiff, Kenneth Greenwald, reserves the right to amend the definitions and/or identify additional subclasses upon completion of class certification.

36.    The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

37.    The members of the class are so numerous that joinder of them is impracticable.

38.    Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Integon.

Case ID: 230902133

39.     A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

40.     A class action is the only practicable means available to prevent the defendant, Integon, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

41.     The questions of law and fact are common to the members of the class which the plaintiff, Kenneth Greenwald, seeks to represent.

42.     The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

43.     The common questions of law and fact with respect this class which control this litigation predominate over any individual issues include, but are not limited to:

(a)     Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

(b)     Each member of the class made claim for recovery of uninsured and/or underinsured motorist benefits upon Integon;

(c)     Each claim for recovery of uninsured and/or underinsured motorist benefits was denied by Integon by reason of the invalid and unenforceable limitation of coverage found in the Integon Policy;

(d)     The denial of uninsured and/or underinsured motorist coverage is illegal and violative of the MVFRL;

(e)     Each member of the class is entitled to a declaration that his or her claim is not barred by the language of the Integon Policy in question;

(f)     Each member of the class is entitled to compensatory uninsured and/or underinsured motorist benefits under the Integon Policy under which claim has been made; and

Case ID: 230902133

(g)    Each member of the class is entitled to extra-contractual bad faith damages by reason of the bad faith conduct of the defendant, Integon, in denying the claim for recovery of uninsured and/or underinsured motorist benefits on the basis of a policy limitation which is void and unenforceable as violative of the MVFRL.

44.    The plaintiff, Kenneth Greenwald, is a member of the class that he seeks to represent.

45.    The claim of the plaintiff, Kenneth Greenwald, is typical of the claim of other members of the class which he purports to represent.

46.    The plaintiff, Kenneth Greenwald, is well qualified to act class representative.

47.    The plaintiff, Kenneth Greenwald, will fairly and adequately protect the interests of the members of the class.

48.    The plaintiff, Kenneth Greenwald, has no interest that is adverse or antagonistic to the interests of the members of the class.

49.    The plaintiff, Kenneth Greenwald, is committed to prosecuting the class action.

50.    The plaintiff, Kenneth Greenwald, has retained competent counsel who are experienced in litigation of this nature.

51.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

52.    Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

53.    The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

Case ID: 230902133

54.    It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

55.    The plaintiff, Kenneth Greenwald, anticipates no difficulty in the management of this action as a class action.

56.    The class action brought by the plaintiff, Kenneth Greenwald, is a convenient and proper forum in which to litigate the claim.

57.    The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Integon, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

58.    Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

59.    Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Integon.

## COUNT I
### (Declaratory Relief – Availability of Coverage)

60.    The plaintiff, Kenneth Greenwald, hereby incorporates by reference the foregoing Paragraphs 1 through 59 of this Complaint as though same were fully set forth herein.

61.    The plaintiff, Kenneth Greenwald, made claim upon the defendant, Integon, for recovery of underinsured motorist benefits under the Integon Policy.

62.    The Integon Policy provided, in pertinent part:

Any payment under PART C>UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

Case ID: 230902133

1.    Paid or payable from or on behalf of persons or organizations that may be legally liable.  This includes, but is not limited to, all sums paid or payable under PART A>LIABILITY COVERAGE; and

See Exhibit "A", Pennsylvania Personal Automobile Policy, p. 18 of 32.

63.    Since Kenneth Greenwald received the $25,000.00 in settlement of the tort claim, and since the Integon Policy provided $15,000.00 in underinsured motorist coverage, Integon concluded, albeit incorrectly, that Kenneth Greenwald was barred from recovery of underinsured motorist benefits under the Integon Policy.

64.    Unfortunately for Integon, that policy language and the application of same to claims in Pennsylvania, is void and unenforceable.

65.    The limitation of coverage found in the Integon Policy makes uninsured and underinsured motorist coverage "gap" coverage rather than "excess" coverage; in Pennsylvania underinsured motorist coverage is not "gap" but in fact "excess"; this concept has been established for many years in the Commonwealth.

66.    The limitation of coverage upon which the defendant, Integon, relies is void and unenforceable as violative of the MVFRL.

67.    The defendant, Integon, has deliberately and recklessly denied the claim of the plaintiff, Kenneth Greenwald, as well as the claims of members of the class, for recovery of uninsured and/or underinsured motorist benefits under policy language which it had to know to be void,  unenforceable and violative of the MVFRL.

68.    The plaintiff, Kenneth Greenwald, and members of the class, are entitled to a declaration that the limitation language in the Integon Policy, upon which the denial of coverage is based, is void and unenforceable as violative of the MVFRL.

11

69.    The defendant, Integon, has wrongfully and deliberately refused to provide underinsured motorist coverage to the plaintiff, Kenneth Greenwald.

70.    The denial of underinsured motorist coverage to the plaintiff, Kenneth Greenwald, is in direct violation of the specific terms and provisions of the MVFRL.

71.    The defendant, Integon, has wrongfully and deliberately refused to provide uninsured and/or underinsured motorist coverage to the members of the class.

72.    The refusal of the defendant, Integon, to make available uninsured and/or underinsured motorist coverage to the members of the class is in violation of the specific terms and provisions of the MVFRL.

73.    The plaintiff, Kenneth Greenwald, and the members of the class, are entitled to a declaration that their claims for recovery of uninsured and/or underinsured motorist benefits are not barred by the invalid and unenforceable limitation in the Integon Policy.

74.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

75.    The controversy involves substantial rights of the parties to the action.

76.    A Judgment of this Court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

77.    A Judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

78.    The plaintiff, Kenneth Greenwald, and members of the class, are entitled to a declaration that their claims for uninsured and/or underinsured motorist benefits under policies issued by the defendant, Integon, are not barred by the limitation language in the Integon Policy.

12

WHEREFORE, the plaintiff, Kenneth Greenwald, respectfully requests that the Court enter an Order:

(a)    declaring that claims of the plaintiff, Kenneth Greenwald, for recovery of underinsured motorist benefits are not barred by the limitation language found in the policy issued by the Integon General Insurance Corporation;

(b)    declaring that the claims for uninsured and/or underinsured motorist benefits of each member of the class are not barred by the limitation language of the applicable policy of the Integon General Insurance Corporation; and

(c)    such other relief as the Court deems appropriate.

## COUNT II
### (Compensatory Relief – Uninsured and/or Underinsured Motorist Benefits)

79.    The plaintiff, Kenneth Greenwald, hereby incorporates by reference the foregoing Paragraphs 1 through 78 of this Complaint as though same were fully set forth herein.

80.    The plaintiff, Kenneth Greenwald, sustained serious and permanent personal injuries in the June 4, 2021 motor vehicle accident.

81.    The injuries and damages sustained by the plaintiff, Kenneth Greenwald, in the June 4, 2021 motor vehicle accident were caused by the negligence and carelessness of Andrey Makarenko.

82.    As a result of the carelessness and negligence of Andrey Makarenko, the plaintiff, Kenneth Greenwald, sustained, *inter alia*:

(a)    closed head trauma;

(b)    headaches;

(c)    cognitive issues;

(d)    injuries to his neck and back;

(e)    acute lumbosacral strain and sprain;

13

Case ID: 230902133

(f)     acute cervical strain and sprain;

(g)     L2-3 disc bulge indenting on the thecal sac.

(h)     concussion;

(i)     right shoulder strain;

(j)     post-traumatic headache syndrome;

(k)     post-concussion syndrome;

(l)     bilateral knee contusions;

(m)     injuries to his nerves and nervous system;

(n)     inability to engage in the activities of daily living;

(o)     irritability;

(p)     anxiety; and

(q)     trauma to his nerves and nervous system.

83.     Following the June 4, 2021 motor vehicle accident, the plaintiff, Kenneth Greenwald, made claim upon Andrey Makarenko, and his liability insurer, the GEICO General Insurance Company, seeking recovery of damages in tort.

84.     The GEICO General Insurance Company tendered and paid to the plaintiff, Kenneth Greenwald, the $25,000.00 limit of liability coverage available under the policy insuring the vehicle being operated by Andrey Makarenko at the time of the June 4, 2021 accident.

85.     The liability limit of coverage of the GEICO General Policy was insufficient to compensate Kenneth Greenwald for the injuries sustained in the June 4, 2021 accident.

Case ID: 230902133

86.    The Insuring Agreement of Part C > Uninsured and Underinsured Motorist Bodily

Injury Coverage part of the Integon Policy provides:

A.    Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Uninsured Motorist Bodily Injury Coverage or Underinsured Motorist Bodily Injury Coverage, **we** will pay compensatory damages for which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** or an **underinsured motor vehicl**e because of **bodily injury**:

1.    Sustained by that **insured**;
2.    Caused by an **accident**; and
3.    Arising out of the **ownership**, maintenance or use of an **uninsured motor vehicle.**

See Exhibit "A", Personal Auto Policy, p. 15 of 32.

87.    The Limit of Liability Section of the Uninsured and Underinsured Motorist

Bodily Injury Coverage provides, in part:

E.    Any payment under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.    Paid or payable from or on behalf of persons or organizations that may be legally liable.  This includes, but is not limited to, all sums paid or payable under PART A > LIABILITY COVERAGE; and

2.    Paid or payable under any disability benefits law, Personal Injury Coverage or No Fault Coverage, Medical Payments Coverage, or similar law, except a workers' compensation law.

See Exhibit "A", Personal Auto Policy, p. 18 of 32.

88.    This language in the Limit of Liability Section of the Uninsured/Underinsured

Motorist Coverage Part of the Integon Policy is void and unenforceable as violative of the

MVFRL.

89.    The plaintiff, Kenneth Greenwald, is eligible to recover underinsured motorist

benefits under the Integon Policy.

15

90.    Each member of the class is eligible to recover uninsured and/or underinsured motorist benefits under the Integon Policy.

91.    The defendant, Integon, has wrongfully refused to provide underinsured motorist benefits to the plaintiff, Kenneth Greenwald.

92.    The defendant, Integon, has wrongfully refused to provide uninsured and/or underinsured motorist benefits to each member of the class.

93.    The denial of underinsured motorist coverage to the plaintiff, Kenneth Greenwald, is a material breach of the Integon Policy.

94.    The denial of uninsured and/or underinsured motorist coverage to each member of the class is a material breach of the Integon Policy.

95.    The denial of underinsured motorist coverage to the plaintiff, Kenneth Greenwald, by reason of the limitation language in the Integon Policy, is in direct violation of the specific terms and provisions of the MVFRL.

96.    The denial of uninsured and/or underinsured motorist benefits to each member of the putative class is in direct violation of the specific terms and provisions of the MVFRL.

97.    Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits under the applicable policy from the defendant, Integon.

98.    The plaintiff, Kenneth Greenwald, has suffered and will continue to suffer, throughout the course of his life, pain, restriction and disability.

99.    The plaintiff, Kenneth Greenwald, sustained serious and permanent injuries which will worsen as he ages.

100.    The plaintiff, Kenneth Greenwald, will need ongoing care, therapy and rehabilitation.

Case ID: 230902133

101.    The plaintiff, Kenneth Greenwald, has sustained a loss of earnings as a result of the injuries sustained in the motor vehicle accident.

102.    Each member of the class sustained injury in a motor vehicle accident but was unreasonably denied uninsured and/or underinsured motorist benefits under the applicable Integon Policy by reason of the illegal and unenforceable limitation in the applicable Integon Policy.

103.    The plaintiff, Kenneth Greenwald, is entitled to recover underinsured motorist benefits under the Integon Policy in connection with injuries sustained in the June 4, 2021 motor vehicle accident.

104.    Each member of the class is entitled to recover uninsured and/or underinsured motorist benefits from the defendant, Integon, under the applicable policy of insurance in question.

WHEREFORE, the plaintiff, Kenneth Greenwald, respectfully requests that the Court enter an Order:

(a)    awarding underinsured motorist benefits to the plaintiff, Kenneth Greenwald, and against the defendant, Integon General Insurance Corporation, in connection with injuries sustained in a June 4, 201 motor vehicle accident; and

(b)    awarding uninsured and/or underinsured motorist benefits to each member of the class against the defendant, Integon General Insurance Corporation, in order to compensate them for losses sustained in each accident.

## COUNT III
## (Breach of Contract - Common Law Bad Faith)

105.    The plaintiff, Kenneth Greenwald, hereby incorporates by reference the foregoing Paragraphs 1 through 104 of this Complaint as though same were fully set forth herein.

Case ID: 230902133

106.    The plaintiff, Kenneth Greenwald, sustained serious and permanent personal injuries in the June 4, 2021 motor vehicle accident.

107.    The injuries and damages sustained by the plaintiff, Kenneth Greenwald, in the June 4, 2021 motor vehicle accident were caused by the negligence and carelessness of Andrey Makarenko.

108.    Following the June 4, 2021 motor vehicle accident, the plaintiff, Kenneth Greenwald, made claim upon Andrey Makarenko, and his liability insurer, the GEICO General Insurance Company, seeking recovery of damages in tort.

109.    The GEICO General Insurance Company tendered and paid to the plaintiff, Kenneth Greenwald, the $25,000.00 limit of liability coverage available under the policy insuring the vehicle being operated by Andrey Makarenko at the time of the June 4, 2021 accident.

110.    The liability limit of coverage of the GEICO General Policy was insufficient to compensate Kenneth Greenwald for the injuries sustained in the June 4, 2021 accident.

111.    The Insuring Agreement of Part C > Uninsured and Underinsured Motorist Bodily Injury Coverage part of the Integon Policy provides:

A.    Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Uninsured Motorist Bodily Injury Coverage or Underinsured Motorist Bodily Injury Coverage, **we** will pay compensatory damages for which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** or an **underinsured motor vehicl**e because of **bodily injury**:

1.    Sustained by that **insured**;
2.    Caused by an **accident**; and
3.    Arising out of the **ownership**, maintenance or use of an **uninsured motor vehicle.**

See Exhibit "A", Personal Auto Policy, p. 15 of 32.

18

112.    The Limit of Liability Section of the Uninsured and Underinsured Motorist

Bodily Injury Coverage provides, in part:

E.    Any payment under PART C > UNINSURED AND UNDERINSURED
MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.    Paid or payable from or on behalf of persons or organizations that may be
legally liable.  This includes, but is not limited to, all sums paid or payable
under PART A > LIABILITY COVERAGE; and

2.    Paid or payable under any disability benefits law, Personal Injury
Coverage or No Fault Coverage, Medical Payments Coverage, or similar
law, except a workers' compensation law.

See Exhibit "A", Personal Auto Policy, p. 18 of 32.

113.    The limitation of coverage found in the Integon Policy makes uninsured and

underinsured motorist coverage "gap" coverage rather than "excess" coverage; in Pennsylvania

underinsured motorist coverage is not "gap" but in fact "excess"; this concept has been

established for many years in the Commonwealth.

114.    This language in the Limit of Liability Section of the Uninsured/Underinsured

Motorist Coverage Part of the Integon Policy is void and unenforceable as violative of the

MVFRL.

115.    In fact, in 1996 the Superior Court of Pennsylvania, in <u>Allwein v. Donegal</u>, 671 A.2d

744 (Pa. Super. 1996) specifically found the policy language seeking to transform uninsured and

underinsured motorist coverage from "excess" coverage to "gap" coverage as void and

unenforceable.

116.    Despite clear guidance from the Pennsylvania Courts, Integon chose to ignore the law

in refusing to provide coverage to Kenneth Greenwald and to members of the class.

19

117.    The defendant, Integon, by failing to make available underinsured motorist benefits to the plaintiff, Kenneth Greenwald, acted in bad faith in violation of the common law duties of good faith and fair dealing.

118.    The defendant, Integon, by failing to make available uninsured and/or underinsured motorist benefits to each member of the class, acted in bad faith in violation of the common law duties of good faith and fair dealing.

119.    The defendant, Integon, failed to comply with the implied covenants of good faith and fair dealing as contained in the Integon Policy issued to the plaintiff, Kenneth Greenwald.

120.    The defendant, Integon, breached the common law duty of good faith and fair dealing as contained in the Integon Policy issued to the plaintiff, Kenneth Greenwald.

121.    The defendant, Integon, failed to comply with the implied covenants of good faith and fair dealing as contained in the Integon Policy applicable to the claims of each member of the class.

122.    The defendant, Integon, breached the common law duty of good faith and fair dealing as contained in the Integon Policy applicable to the claims of each member of the class.

123.    The defendant, Integon, is liable to the plaintiff, Kenneth Greenwald, for common law bad faith damages.

124.    The defendant, Integon, acted in bad faith in violation of the common law duties of good faith and fair dealing by, *inter alia*:

(a)    refusing to provide uninsured and/or underinsured motorist benefits;

(b)    attempting to enforce policy language which was determined to be void and unenforceable in 1996 in Allwein v. Donegal, supra.;

(c)    attempting to enforce policy language it knew to be void and unenforceable;

(d)    engaging in unfair or deceptive acts or practices;

Case ID: 230902133

(e)    failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Kenneth Greenwald, and each member of the class;

(f)    forcing the plaintiff, Kenneth Greenwald, to institute suit to recover underinsured motorist benefits;

(g)    breaching the implied covenant of good faith and fair dealing;

(h)    violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(i)    wantonly and willfully disregarding the rights of the plaintiff, Kenneth Greenwald, and members of the class;

(j)    elevating its own interests above those of the plaintiff, Kenneth Greenwald, and members of the class;

(k)    violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(l)    violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(m)    such other acts or omissions as may be developed during discovery.


125.    The defendant, Integon, is liable for payment of all consequential damages to the plaintiff, Kenneth Greenwald, and to members of the class by reason of its breach of the duties of good faith and fair dealing in the Policy of Insurance issued by the defendant, Integon.

WHEREFORE, the plaintiff, Kenneth Greenwald, respectfully requests that the Court enter an Order awarding all consequential common law bad faith damages to the plaintiff, Kenneth Greenwald, and members of the class, against the defendant, Integon General Insurance Corporation, by reason of the breach of the duties of good faith and fair dealing.

Case ID: 230902133

## COUNT IV
### (Breach of Contract – Statutory Bad Faith Under 42 Pa.C.S.A. § 8371)

126.    The plaintiff, Kenneth Greenwald, hereby incorporates by reference the foregoing Paragraphs 1 through 125 of this Complaint as though same were fully set forth herein.

127.    The plaintiff, Kenneth Greenwald, sustained serious and permanent personal injuries in the June 4, 2021 motor vehicle accident.

128.    The injuries and damages sustained by the plaintiff, Kenneth Greenwald, in the June 4, 2021 motor vehicle accident were caused by the negligence and carelessness of Andrey Makarenko.

129.    Following the June 4, 2021 motor vehicle accident, the plaintiff, Kenneth Greenwald, made claim upon Andrey Makarenko, and his liability insurer, the GEICO General Insurance Company, seeking recovery of damages in tort.

130.    The GEICO General Insurance Company tendered and paid to the plaintiff, Kenneth Greenwald, the $25,000.00 limit of liability coverage available under the policy insuring the vehicle being operated by Andrey Makarenko at the time of the June 4, 2021 accident.

131.    The liability limit of coverage of the GEICO General Policy was insufficient to compensate Kenneth Greenwald for the injuries sustained in the June 4, 2021 accident.

132.    The Insuring Agreement of Part C > Uninsured and Underinsured Motorist Bodily Injury Coverage part of the Integon Policy provides:

A.    Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Uninsured Motorist Bodily Injury Coverage or Underinsured Motorist Bodily Injury Coverage, **we** will pay compensatory damages for which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** because of **bodily injury**:

22

1.    Sustained by that **insured**;
2.    Caused by an **accident**; and
3.    Arising out of the **ownership**, maintenance or use of an **uninsured motor vehicle.**

See Exhibit "A", Personal Auto Policy, p. 15 of 32.

133.    The Limit of Liability Section of the Uninsured and Underinsured Motorist

Bodily Injury Coverage provides, in part:

E.    Any payment under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.    Paid or payable from or on behalf of persons or organizations that may be legally liable.  This includes, but is not limited to, all sums paid or payable under PART A > LIABILITY COVERAGE; and

2.    Paid or payable under any disability benefits law, Personal Injury Coverage or No Fault Coverage, Medical Payments Coverage, or similar law, except a workers' compensation law.

See Exhibit "A", Personal Auto Policy, p. 18 of 32.

134.    The limitation of coverage found in the Integon Policy makes uninsured and

underinsured motorist coverage "gap" coverage rather than "excess" coverage; in Pennsylvania

underinsured motorist coverage is not "gap" but in fact "excess".

135.    This language in the Limit of Liability Section of the Uninsured/Underinsured

Motorist Coverage Part of the Integon Policy is void and unenforceable as violative of the

MVFRL.

136.    In fact, in 1996 the Superior Court of Pennsylvania, in <u>Allwein v. Donegal</u>, 671 A.2d

744 (Pa. Super. 1996) specifically found the policy language seeking to transform uninsured and

underinsured motorist coverage from "excess" coverage to "gap" coverage as void and

unenforceable.

23

Case ID: 230902133

137.    Despite clear guidance from the Pennsylvania Courts, Integon chose to ignore the law in refusing to provide coverage to Kenneth Greenwald and to members of the class.

138.    The defendant, Integon, by refusing to provide coverage for Kenneth Greenwald and to members of the class, acted in bad faith in violation of the statutory requirements of 42 Pa.C.S.A. § 8371.

139.    The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)    Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)    Award punitive damages against the insurer.
>
> (3)    Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

140.    The defendant, Integon, is liable to the plaintiff, Kenneth Greenwald, and to members of the class, for all statutory bad faith damages.

141.    The defendant, Integon, acted in bad faith in violation of the common law duties of good faith and fair dealing by, *inter alia*:

(a)    refusing to provide uninsured and/or underinsured motorist benefits;

(b)    attempting to enforce policy language which was determined to be void and unenforceable in  1996 in <u>Allwein v. Donegal</u>, <u>supra</u>;

(c)    attempting to enforce policy language it knew to be void and unenforceable;

(d)    engaging in unfair or deceptive acts or practices;

24

Case ID: 230902133

(e)     failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Kenneth Greenwald, and each member of the class;

(f)     forcing the plaintiff, Kenneth Greenwald, to institute suit to recover underinsured motorist benefits;

(g)     breaching the implied covenant of good faith and fair dealing;

(h)     violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(i)     wantonly and willfully disregarding the rights of the plaintiff, Kenneth Greenwald, and members of the class;

(j)     elevating its own interests above those of the plaintiff, Kenneth Greenwald, and members of the class;

(k)     violating the Unfair Claims Settlement Practices, 31 Pa. Code § 146.1 et seq.;

(l)     unreasonably refusing to make uninsured and/or underinsured motorist benefits available;

(m)    refusing to extend coverage with full knowledge that its position was unreasonable and baseless;

(n)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania; and

(o)     such other acts or omissions as may be developed during discovery.

142.    The defendant, Integon, is liable for payment of interest, fees, costs and punitive damages to the plaintiff, Kenneth Greenwald, and members of the class, under 42 Pa.C.S.A. § 8371 for the bad faith conduct in handling and adjusting the uninsured and/or underinsured motorist claim.

143.    The defendant, Integon, wantonly and willfully ignored the rights of the plaintiff, Kenneth Greenwald, and members of the class, under the policies of insurance in question.

Case ID: 230902133

144.    The defendant, Integon, recklessly disregarded the rights of the plaintiff, Kenneth

Greenwald, and members of the class, with knowledge of its wanton and willful actions.

145.    The defendant, Integon, is liable to the plaintiff, Kenneth Greenwald, and to

members of the class, interest, counsel fees, costs and punitive damages is authorized by law.

WHEREFORE, the plaintiff, Kenneth Greenwald, respectfully requests that the Court

enter an Order awarding interest, counsel fees, costs and punitive damages to the plaintiff,

Kenneth Greenwald, and members of the class, against the defendant, Integon General Insurance

Corporation.

Respectfully,

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.


BY:     /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

SCHMIDT KRAMER P.C.

BY:  /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300


SHUB & JOHNS

BY:     /s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
Four Tower Bridge, 200 Barr Harbor Drive

26

Suite 400
West Conshohocken, Pa  19428
(610) 477-8638

JACK GOODRICH & ASSOCIATES

BY:  /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

Attorneys for Plaintiff

27

Case ID: 230902133

## **VERIFICATION**

I, Kenneth Greenwald, state that the facts set forth in the response to discovery are true and correct to the best of my knowledge, information and belief. I understand that the statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.


BY: _____
Kenneth Greenwald

EXHIBIT A

Case ID: 230902133



**National** General ❯❯
Auto, Home & Health Insurance
PO Box 3199 • Winston Salem, NC 27102-3199

Policy Number:
**2012333770**

Date of Notice
**06/02/2021 05:23 PM**

Named Insured:
**KENNETH GREENWALD**

KENNETH GREENWALD
3304 GURLEY RD
PHILADELPHIA PA  19154

Policy Period:
6/2/2021 - 12/2/2021

Policy Underwritten By:
**Integon General Insurance Corporation**
**24 Hour Claim Reporting:  1-800-468-3466**
For Policy Information: (833) 408-5390
www.MyNatGenPolicy.com

Your Agent:
Northeast Agencies - Bucks Insurance Agency
1949 Street Rd
Bensalem PA 19020
(267) 380-5555

# PA PERSONAL AUTO DECLARATIONS PAGE

New Business Effective **6/2/2021 5:09 PM**

**NONPARTICIPATING**

NOTICE: A RENTAL AUTO WILL NOT BE COVERED FOR COLLISION DAMAGE UNDER THIS POLICY.

## Drivers and Household Residents

| #1 | Kenneth Greenwald | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **Driver Status** | **License #** | **Lic. State** | **Date of Birth** | **Gender** | **Marital Status** | **Driver Pts** | **Yrs. Licensed** |
| | Rated Driver | XXX1847 | PA | 12/22/1991 | Male | Single | 0 | 12 |

## Insured Vehicle(s) and Schedule of Coverages

**#1 2010 TOYT COROLLA**          VIN: 1NXBU4EE3AZ191881-BG2435

**Usage:** Pleasure/Commute in-state
**Garaging Location:** 19020

| Coverages Provided | Limits / Deductibles | Premium |
|---|---|---|
| Bodily Injury | $15,000 Each Person / $30,000 Each Accident | $172.00 |
| Property Damage | $25,000 Each Accident | $298.00 |
| Uninsured Motorist Bodily Injury - Nonstacked | $15,000 Each Person / $30,000 Each Accident | $29.00 |
| Underinsured Motorist Bodily Injury - Nonstacked | $15,000 Each Person / $30,000 Each Accident | $68.00 |
| Medical Expense | $5,000 Per Occurrence | $132.00 |
| | **Total For This Vehicle** | **$699.00** |

| | |
|---|---|
| **Combined Vehicle Premium** | **$699.00** |
| Acquisition Expense | $30.00 |
| **Total 6 Month Policy Premium** | **$729.00** |

## Discounts Applied

**Policy Level**

Accident Free Claims Free
AutoPay
Paperless Discount
Restricted Coverage

**Vehicle Level**
#1          Airbag Discount
#1          Passive Restraint Discount

10039PA  (03012010)

Case ID: 230902133

## Important Notice

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Online Policy Documents: Your policy form and coverage endorsements may be viewed by going to our website: www.MyNatGenPolicy.com. Click on the Policy Documents link at the top and enter your Policy Number and Last Name.

## Additional Policy Information

| | |
|---|---|
| Insured Email: | kenske1011@gmail.com |
| Tier | Basic |
| LIMITED TORT APPLIES | |

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| Cancellation Charge | $50.00 |
| Convenience Fee | $5.00 |
| Late Charge | $10.00 |
| Nonsufficient Funds Charge | $35.00 |
| Reinstatement Charge | $25.00 |

## Forms and Endorsements

| Endorsement | Edition | Form Name |
|---|---|---|
| 11348 | 09012014 | DOUBLE DEDUCTIBLE ENDORSEMENT |
| 12139 | 12012017 | NAMED DRIVER AND NAMED AUTO ONLY COVERAGE |
| 12136 | 12012017 | PERSONAL AUTO POLICY |

_Berta A Costellos_

**Authorized Signature**

Case ID: 230902133

Hello Mr. Gutman,

Here is the Declarations Page you requested for Kenneth Greenwald's claim.

Have a good day

Kristin Perry
PIP Claims Representative
Correspondence: PO Box 1623 Winston-Salem, NC 27102
Medical Bills: PO Box 2989 Clinton, IA 52733
Fax #800-924-0273

NATIONAL GENERAL
an *Allstate* company

Case ID: 230902133


Auto, Home & Health Insurance
PO Box 3199 • Winston Salem, NC 27102-3199

Policy Number:
**2012333770**
Named Insured:
**KENNETH GREENWALD**

Date of Notice
**06/02/2021 05:23 PM**

KENNETH GREENWALD
3304 GURLEY RD
PHILADELPHIA PA  19154

Policy Period:
**6/2/2021 - 12/2/2021**

Policy Underwritten By:
**Integon General Insurance Corporation**

**24 Hour Claim Reporting:  1-800-468-3466**
**For Policy Information: (833) 408-5390**
**www.MyNatGenPolicy.com**

Your Agent:
Northeast Agencies - Bucks Insurance Agency
1949 Street Rd
Bensalem PA 19020
(267) 380-5555

# PA PERSONAL AUTO DECLARATIONS PAGE

New Business Effective **6/2/2021 5:09 PM**

NONPARTICIPATING

NOTICE: A RENTAL AUTO WILL NOT BE COVERED FOR COLLISION DAMAGE UNDER THIS POLICY.

## Drivers and Household Residents

| #1 | Kenneth Greenwald | | | | | | | |
|----|----|----|----|----|----|----|----|----|
| | **Driver Status** | **License #** | **Lic. State** | **Date of Birth** | **Gender** | **Marital Status** | **Driver Pts** | **Yrs. Licensed** |
| | Rated Driver | XXX1847 | PA | 12/22/1991 | Male | Single | 0 | 12 |

## Insured Vehicle(s) and Schedule of Coverages

#1 2010 TOYT COROLLA          VIN: 1NXBU4EE3AZ191881-BG2435
Usage: Pleasure/Commute in-state
Garaging Location: 19020

| Coverages Provided | Limits / Deductibles | Premium |
|----|----|----|
| Bodily Injury | $15,000 Each Person / $30,000 Each Accident | $172.00 |
| Property Damage | $25,000 Each Accident | $298.00 |
| Uninsured Motorist Bodily Injury - Nonstacked | $15,000 Each Person / $30,000 Each Accident | $29.00 |
| Underinsured Motorist Bodily Injury - Nonstacked | $15,000 Each Person / $30,000 Each Accident | $68.00 |
| Medical Expense | $5,000 Per Occurrence | $132.00 |
| | **Total For This Vehicle** | **$699.00** |

| | | |
|----|----|----|
| | **Combined Vehicle Premium** | **$699.00** |
| | Acquisition Expense | $30.00 |
| | **Total 6 Month Policy Premium** | **$729.00** |

## Discounts Applied

Policy Level

Accident Free Claims Free
AutoPay
Paperless Discount
Restricted Coverage

Vehicle Level
#1          Airbag Discount
#1          Passive Restraint Discount

10039PA (03012010)

Case ID: 230902133

## Important Notice

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Online Policy Documents: Your policy form and coverage endorsements may be viewed by going to our website: www.MyNatGenPolicy.com. Click on the Policy Documents link at the top and enter your Policy Number and Last Name.

## Additional Policy Information

| | |
|---|---|
| Insured Email: | kenske1011@gmail.com |
| Tier | Basic |
| LIMITED TORT APPLIES | |

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| Cancellation Charge | $50.00 |
| Convenience Fee | $5.00 |
| Late Charge | $10.00 |
| Nonsufficient Funds Charge | $35.00 |
| Reinstatement Charge | $25.00 |

## Forms and Endorsements

| Endorsement | Edition | Form Name |
|---|---|---|
| 11348 | 09012014 | DOUBLE DEDUCTIBLE ENDORSEMENT |
| 12139 | 12012017 | NAMED DRIVER AND NAMED AUTO ONLY COVERAGE |
| 12136 | 12012017 | PERSONAL AUTO POLICY |

Authorized Signature

Case ID: 230902133

most **we** will pay for the total of all damages, including **derivative claims**, arising out of and due to **bodily injury** and **property damage** as the result of any one **accident**. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

D.  There will be no adding, stacking or combining of coverage. The limits of liability for Uninsured Motorist Bodily Injury shown on the **Declarations Page** are the most we will pay as the result of any one **accident** without regard to the number of:

1.  **Insureds**, heirs or survivors;

2.  Claimants;

3.  Claims made;

4.  Lawsuits filed;

5.  Vehicles shown on the **Declarations Page**;

6.  Premiums shown on the **Declarations Page**;

7.  Vehicles involved in the **accident**;

8.  Premiums paid; or

9.  Policies issued by **us**.

E.  Any payment under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.  Paid or payable from or on behalf of persons or organizations that may be legally liable. This includes, but is not limited to, all sums paid or payable under PART A > LIABILITY COVERAGE; and

2.  Paid or payable under any disability benefits law, Personal Injury Coverage or No Fault Coverage, Medical Payments Coverage, or similar law, except a workers' compensation law.

F.  No one will be entitled to receive duplicate payments for the same elements of **loss** or damage under PART C for which payment has been made:

1.  Under any other coverage provided by this Policy;

2.  By or on behalf of the person or organization that may be legally responsible; or

3.  Under any other insurance or source of recovery.

## OTHER INSURANCE

A.  The following priorities of recovery apply for Uninsured and Underinsured Motorist Coverage:

First: The Uninsured or Underinsured Motorist Coverage applicable to the vehicle the **insured** was **occupying** at the time of the **accident**.

Second: A policy affording Uninsured or Underinsured Motorist Coverage to the **insured** as a **named insured** or **family member**.

B.  If there is other Uninsured or Underinsured Motorist Bodily Injury Coverage, or similar insurance, that applies or is available under one or more policies, we will pay our share of the damages or **loss**. **Our share** is the proportion that **our** limits of liability under this PART C bears to the total of all applicable limits with the same priority as this coverage on either a primary or excess basis, whichever is applicable. The maximum recovery under the Second priority may equal but not exceed the highest applicable limit of liability.

C.  However:

1.  The total recovery under all such policies or coverage will not exceed the highest applicable limit for one vehicle under any insurance providing coverage on either a primary or excess basis.

2.  Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3.  Any insurance we provide to an **insured** that is not occupying a **covered auto** shall be excess over any collectible insurance providing insurance on a primary basis.

## ARBITRATION

A.  If **we** and an insured do not agree:

1.  Whether an insured is legally entitled to recover damages for **bodily injury** under this PART

2.  On the amount of damages that are recoverable by the insured:

then upon the agreement of both parties, only these two issues may be submitted to arbitration. However, if required by law, neither party may be compelled to participate in arbitration, and neither party shall owe to the other for refusing to arbitrate.

B.  If both we and insured agree to arbitration, each party will select a competent, licensed and impartial arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree upon the selection of a third arbitrator within thirty (30) days, you or we may request a judge of a court of record, in the county where the insured lives, select the third arbitrator.

C.  Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives and the American Arbitration Association rules as to procedure will apply. If the parties do not agree as governed by the American

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

# Pennsylvania
# Personal Automobile Policy





5630 University Parkway ● PO Box 3199
Winston-Salem NC 27102-3199

Integon General Insurance Corporation

Case ID: 230902133

# PENNSYLVANIA PERSONAL AUTOMOBILE POLICY

**Read your Policy carefully.** Provisions of this contract and its endorsements (if any) restrict coverage. Be certain **you** understand all of the coverage terms, the exclusions, and **your** rights and duties.

## Table of Contents

AGREEMENT .......................................................1

DEFINITIONS ....................................................1

DUTIES AFTER AN ACCIDENT OR LOSS - FILING A CLAIM ...................................................4

    GENERAL DUTIES ..........................................4

    ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO ..................................5

TORT LIABILITY INSURANCE OPTIONS ................5

PART A > LIABILITY COVERAGE ...........................6

    INSURING AGREEMENT ....................................6

    ADDITIONAL DEFINITION – PART A > LIABILITY COVERAGE ....................................................6

    SUPPLEMENTARY PAYMENTS .......................6

    EXCLUSIONS .................................................7

    LIMIT OF LIABILITY .........................................8

    OUT OF STATE COVERAGE .............................9

    FINANCIAL RESPONSIBILITY REQUIRED .....100

    OTHER INSURANCE .......................................100

PART B > FIRST PARTY BENEFITS COVERAGE .......................................................100

    INSURING AGREEMENT ...................................10

    ADDITIONAL DEFINITIONS – PART B > FIRST PARTY BENEFITS COVERAGE ......................111

    EXCLUSIONS .................................................122

    LIMIT OF LIABILITY .........................................133

    ASSIGNMENT OF BENEFITS ............................14

    OTHER INSURANCE .......................................14

    CONDITIONS .................................................14

    CONSTITUTIONALITY CLAUSE .......................14

PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE .............14

    INSURING AGREEMENT ...................................15

    ADDITIONAL DEFINITIONS – PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE ...........155

    ADDITIONAL DUTIES FOR PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE ...........................16

    EXCLUSIONS .................................................16

    LIMIT OF LIABILITY .........................................17

    OTHER INSURANCE .......................................18

    ARBITRATION ...............................................18

PART D > COVERAGE FOR DAMAGE TO YOUR AUTO ....................................................19

    INSURING AGREEMENT – COLLISION COVERAGE .................................................19

    INSURING AGREEMENT – COMPREHENSIVE COVERAGE .................................................19

    CHILD RESTRAINTS .......................................19

    TOWING AND LABOR COVERAGE .................19

    TRANSPORTATION EXPENSES COVERAGE. 20

    RENTAL REIMBURSEMENT COVERAGE ........20

    CUSTOMIZED EQUIPMENT AND PARTS COVERAGE .................................................21

    ADDITIONAL CUSTOMIZED EQUIPMENT AND PARTS COVERAGE .......................................21

    ADDITIONAL DEFINITIONS - PART D > COVERAGE FOR DAMAGE TO YOUR AUTO .. 22

    EXCLUSIONS .................................................22

    LIMIT OF LIABILITY .........................................24

    PAYMENT OF LOSS .......................................26

    PERMISSION TO RELEASE VEHICLE ............26

    NO BENEFIT TO BAILEE .................................26

    OTHER SOURCES OF RECOVERY ................26

    APPRAISAL ...................................................26

    LOSS PAYABLE CLAUSE ...............................26

GENERAL PROVISIONS ........................................27

    ADDITIONAL DEFINITIONS USED IN THIS SECTION ......................................................27

    BANKRUPTCY ...............................................27

    CHANGES .....................................................27

    LEGAL ACTION AGAINST US ..........................28

    OUR RIGHT TO RECOVER PAYMENT ............28

    POLICY PERIOD AND TERRITORY .................28

    POLICY TERMINATION ...................................29

    TRANSFER OF YOUR INTEREST IN THIS POLICY ........................................................30

    MISREPRESENTATION AND FRAUD ..............30

    TWO OR MORE AUTO POLICIES ....................30

    TERMS OF POLICY CONFORM TO STATUTE 31

    JOINT AND INDIVIDUAL INTERESTS ..............31

    ELECTRONIC SIGNATURE .............................31

    CONTINUING DUTY ........................................31

Case ID: 230902133

## AGREEMENT

This Policy is a legal contract between **you** and **us**. The policy provisions, along with the **Declarations Page** and Application, which are incorporated into and made part of this Policy, and any endorsements issued, complete this Policy. If there is no written Application, then the statements made by **you** at the time of application become a part of this Policy.

This Policy is issued and renewed in reliance upon the truth and accuracy of the information **you** provide in the written or verbal Application for this insurance. The terms of this Policy impose obligations on all persons defined as **you** and on all persons or organizations seeking coverage under this Policy. **We** agree to provide insurance, subject to the terms, conditions and limitations set forth in this Policy, if **you** have paid, when due, all of the premiums for the coverages **you** have chosen. **We** will only insure **you** for the coverages and the Limits of Liability for which a premium is shown on the **Declarations Page** of the Policy.

If the initial payment to **us** is in any non-cash method, this insurance is conditioned on that initial payment being honored by **your** financial institution.

## DEFINITIONS

The following words or phrases, when printed in bold-faced type, will have the following meaning throughout the Policy, whether in the singular, plural or possessive.

A. **"Accident"** and **"accidental"** mean a sudden, unexpected and unintended event.

B. **"Actual cash value"** means the fair market value of the stolen or damaged property at the time of **loss**.

C. **"Additional auto"** means an **auto** that **you** acquire in addition to the **auto(s)** shown on the **Declaration Page**, if:

1. No other insurance applies to the acquired **auto**;

2. Within seven (7) calendar days after **you** become the **owner** of the **additional auto**, **you** ask **us** to add the **additional auto** to **your** Policy; and

3. **We** insure all **autos** owned by **you** on the date **you** take possession of the **additional auto**.

If **you** ask **us** to insure the **additional auto** within seven (7) calendar days after **you** acquire the **auto** and **we** agree to insure it, any coverage **we** provide for the **additional auto** is subject to the following conditions:

1. On the date **you** become the **owner**, an **additional auto** will have the broadest coverage **we** provide on any **auto** shown on the **Declarations Page**.

2. Any coverage **you** ask **us** to add to the **auto** or any increase of limits of liability shall not begin until after:

   a. **We** agree to add the coverage or increase the limits; and

   b. **You** pay any additional premium when due.

3. The deductible for the **additional auto** will be the greater of either:

   a. $500; or

   b. The amount of any higher deductible shown on the **Declarations Page** for a **covered auto**;

   for any covered **loss** under Comprehensive Coverage or Collision Coverage that occurs before **you** have asked **us**, and **we** agree, to insure the **additional auto**.

4. Notwithstanding the other provisions in this Definition, no coverage will apply to any **auto** at any time if the **auto** or its use is not an acceptable risk under **our** Rules in effect at the time the **auto** is acquired.

D. **"Auto"** means a four-wheeled private passenger vehicle or dual rear wheel six-wheeled pick-up truck designed for operation mainly on public roads with a gross vehicle weight (as determined by the manufacturer's specifications) of 10,000 pounds or less.

An **auto** does not include:

1. Vans with cabs separate from the cargo area;

2. Delivery van;

3. Step-van;

4. Cargo cutaway van; or

5. Any type of all-terrain or quad vehicle, dune buggy, go-cart or golf cart.

E. **"Bodily injury"** means bodily harm, sickness or disease, including death that results from such **bodily injury**. **Bodily injury** does not include: harm; sickness; disease or death arising out of:

1. The contraction of a medically defined communicable disease by any person; nor

2. The exposure of such a disease by any person to any other person.

F. **"Business"** means any full-time or part-time job, trade, profession, occupation, employment or commercial enterprise.

G. **"Carry persons or property for compensation or a fee"** means to deliver, transport or carry persons; products; goods; materials; property; animals; or livestock for any form of money; salary; income; property; consideration; or any other thing of value, whether or not:

12136 (12012017)                    Integon General Insurance Corporation

Case ID: 230902133

1. Going to a pick-up or returning from a drop-off;

2. The money or other item of value is paid or given;

   a. By any passenger, recipient or other party on a per-trip basis; or

   b. In the course of, or as related to, any **business** activities of a person insured under this Policy; or

3. Any of the persons; products; goods; materials; property; animals; or livestock intended to be delivered or transported are actually in the vehicle or **trailer** at the time of the **accident** or **loss**.

**"Carry persons or property for compensation or a fee"** includes, but is not limited to, the delivery of goods, either on a wholesale or retail basis, such as food, magazines, newspapers, or flowers.

H. **"Covered auto"** means:

1. Any **auto** shown on **your Declarations Page**, unless **you** have asked **us** to delete that **auto** from the Policy;

2. A **newly acquired auto**;

3. **Your trailer**; or

4. Any **auto** not **owned** by **you** while used on a temporary basis as a substitute for any other **auto** described in this definition which is out of normal use because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. **Loss**; or

   e. Destruction.

Coverage for a temporary substitute **auto** shall not exceed sixty (60) days.

I. **"Crime"** means any act or omission that is:

1. A state or federal felony in the United States;

2. An attempt to flee or elude law enforcement or a crime scene; or

3. An illegal activity, trade or transportation;

whether or not there is an arrest, charge or conviction.

**"Crime"** does not include:

1. Misdemeanor violations of the motor vehicle or traffic laws other than an attempt to:

   a. Flee or elude law enforcement; or

   b. Flee a crime scene;

2. Vehicular homicide; or

3. Driving under the influence of alcohol or any illegal substance.

J. **"Declarations Page"** means the policy document showing **your** coverages, limits of liability, **covered autos**, premiums and other policy related information.

K. **"Depreciation"** means a decline in value due to wear and tear or obsolescence.

L. **"Derivative claims"** include, but are not limited to, damages for care, emotional injury or mental anguish, wrongful death, or loss of:

1. Service;

2. Consortium;

3. Society; or

4. Companionship;

resulting from the **bodily injury** of another or from witnessing the **bodily injury** of another.

M. **"Diminution in value"** means the actual or perceived loss in market or resale value by reason of the fact that the property has been damaged.

N. **"Family member"** means:

1. A person related to **you** by blood, marriage or adoption who **resides** in **your** household; or

2. A ward or foster child, or stepchild who **resides** in **your** household;

at the time of the **accident** or **loss**.

**"Family member"** includes **your** unmarried, dependent children living temporarily away from home who intend to **reside** in **your** household.

O. **"Loaner Vehicle"** means an **auto** provided by a motor vehicle dealer to an **insured** at no cost to the insured while a **covered auto** is being transported, serviced, repaired or inspected by the motor vehicle dealer.

P. **"Loss"** means sudden, direct, and **accidental** destruction or damage. **"Loss"** does not include **diminution in value**.

Q. **"Minimum limits"** means the minimum amount of liability insurance required to apply to an **auto** by the motor vehicle compulsory insurance or financial responsibility laws of the state in which **you reside**, as shown in **our** records as the garaging address for a **covered auto**.

R. **"Motor vehicle business"** means the **business** of:

1. Selling;

2. Repairing;

3. Servicing;

4. Storing;

Integon General Insurance Corporation

Case ID: 230902133

5. Parking;

6. Road testing;

7. Delivering;

8. Leasing or renting;

9. Washing; or

10. Valet parking;

any motor vehicle.

S. **"Named insured"** means the individual(s) designated as the named insured(s) on the **Declarations Page**.

T. **"Newly acquired auto"** means an **additional auto** or a **replacement auto** of which **you** become the **owner** during the policy period.

U. **"Non-owned auto"** means any private passenger **auto**, pickup, or van that is not:

1. **Owned** by;

2. Registered to; or

3. Furnished or available for the regular use of;

**you** or a **family member**, while in the custody of, or while being operated with the **owner's** express or implied permission by, **you** or a **family member**.

V. **"Occupying"** means in; upon; getting into, out of, on or off. A person cannot be **occupying** more than one motor vehicle at a time**.**

W. **"Own"**, **"owned"**, **"owner"**, and **"ownership"**, with respect to an **auto** or **trailer**, mean the person who:

1. Holds the legal title to the **auto** or **trailer**; or

2. Has legal possession of an **auto** or **trailer** that is:

   a. Subject to a written security agreement; or

   b. Leased to that person by a written agreement for a continuous period of six (6) months or longer.

X. **"Permissive driver"** means any person operating a **covered auto** within the scope of **your** permission and such person does not meet the definition of an **undisclosed operator**.

Y. **"Personal vehicle sharing program"** means the sharing of a vehicle for non-commercial use.

Z. **"Property damage"** means physical damage to, destruction of, or loss of use of, tangible property if caused solely by an **accident** covered under this Policy.

AA. **"Punitive or exemplary damages"** means all damages that may be awarded, other than compensatory damages, to:

1. Punish or deter conduct; and/or

2. Fine, penalize or impose a statutory penalty due to conduct;

because the conduct is malicious, grossly negligent, wanton, willful, fraudulent or unlawful. This includes, but is not limited to, any damages that have been defined by law as punitive damages or exemplary damages, and any additional costs, attorney fees, other fees or interest awarded because of such damages.

BB. **"Racing"** means:

1. Participating in, competing in, practicing for or preparing for any prearranged or organized racing, speed, demolition or stunting contest or activity;

2. Participating in or competing in an unarranged or spontaneous street or off-road race or stunt;

3. Operating an **auto** on an indoor or outdoor track, course or trail designed or used for:

   a. Racing or speed contest or adventure;

   b. Demonstration driving;

   c. Driver or skills training;

   d. High performance driving; or

   e. Driving competition.

CC. **"Regular operator"** is someone who uses a **covered auto** at least once a week or at least seven (7) times over the last six (6) months prior to an **accident** or **loss**.

DD. **"Replacement auto"** means an **auto** that **you** acquire to replace an **auto** shown on the **Declarations Page** if no other insurance applies to the acquired **auto** and **we** insure all **autos** that **you** own.

Any coverage **we** provide for a **replacement auto** is subject to the following terms:

1. On the date **you** become the **owner** of a **replacement auto**, if coverage applies under this Policy, that **replacement auto** will have the same coverage as the **auto** shown on **your** **Declarations Page** that is being replaced.

2. The deductible that applies to a **replacement auto** shall be the same as the **auto** it replaced.

3. All coverage **we** provide for the **replacement auto** ends seven (7) calendar days after **you** become the **owner** if **you** do not ask **us** to insure it within those seven (7) calendar days.

4. Any coverage **you** ask **us** to add to the **auto** or any increase of limits of liability shall not begin until after:

   a. **We** agree to add the coverage or increase the limits; and

   b. **You** pay any additional premium when due.

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

5. Notwithstanding the other provisions in this Definition, no coverage will apply to any **auto** at any time if the **auto** or its use is not an acceptable risk under our Rules in effect at the time the **auto** is acquired.

EE. **"Reside"**, **"resides"**, and **"residing"** mean to dwell within the household as the person's primary and legal domicile. Minor dependent children whose parents are separated or divorced shall be deemed to **reside** in both parents' household.

FF. **"Trailer"** means a non-motorized vehicle, including a farm wagon or farm implement, designed to be pulled on public roads by an **auto** if the **trailer** is not being used:

1. As a primary residence, office, store, **business** or for display purposes;

2. For commercial purposes; or

3. To transport passengers.

GG. **"Undisclosed operator"** means a:

1. **Family member;**

2. Person who **resides** in **your** household; or

3. **Regular operator;**

who has a driver's license or permit but who is not listed on **your** Policy:

a. At the time of application;

b. At the time the person obtains a valid driver's license or permit; or

c. Within thirty (30) days of **residing** in **your** household.

An **undisclosed operator** also includes any person shown on the **Declarations Page** as a non-driver.

HH. **"We"**, **"us"** and **"our"** refer to the Company shown on the **Declarations Page** as providing this insurance.

II. **"You"** and **"your"** refer to:

1. The **named insured;** and

2. If **residing** in the same household at the time of the **accident** or **loss**:

   a. The spouse of the **named insured;** or

   b. The domestic partner of the **named insured** if the domestic partnership is established pursuant to a domestic partnership, civil union or similar law in any state.

JJ. **"Your trailer"** means a non-motorized vehicle, including a farm wagon or farm implement, designed to be pulled on public roads by an **auto** if the **trailer** is:

1. **Owned** by **you;** and

2. Being towed by a **covered auto;** and

3. Shown on the **Declarations Page;** and

is not being used:

1. As a primary residence, office, store, **business** or for display purposes;

2. For commercial purposes; or

3. To transport passengers.

## DUTIES AFTER AN ACCIDENT OR LOSS - FILING A CLAIM

### GENERAL DUTIES

A. **We** do not provide coverage under this Policy unless **you** have paid the required premium when due. Failure to give notice as required may affect coverage provided under this Policy. Failure to comply with any of the duties in this Policy may result in denial of coverage and relieve **us** of all duties to investigate, settle, defend, pay any judgment or otherwise honor any claims made by an **insured** or against an **insured.**

B. **We** must be notified promptly of how, when and where the **accident** or **loss** happened. Notice should include the following:

1. All known facts and circumstances. This notice to **us** should include all known names, addresses and telephone numbers of any injured persons and witnesses.

2. All known license plate information of vehicles involved or vehicle descriptions; and

3. All known driver's license information of persons involved.

C. A person, organization or entity seeking coverage must:

1. Cooperate with **us** in the investigation, settlement or defense of any claim or lawsuit and assist **us** in:

   a. Making settlements;

   b. Obtaining or authorizing **us** to obtain or secure evidence;

   c. Giving evidence;

   d. Obtaining the attendance of witnesses at hearings and depositions; and

   e. The conduct of lawsuits.

2. Promptly send **us** copies of any notices or legal papers received in connection with the **accident** or **loss**. **We** will not pay for attorney fees or costs incurred by any **insured** or other person without **our** prior written consent.

3. Agree to give **us** information and consent necessary for **us** to comply with any statutes or government regulations that apply including, but

12136 (12012017)

Case ID: 230902133

Integon General Insurance Corporation

not limited to, the person's social security number.

4. Submit as often as **we** require to medical or physical exams by physicians **we** select. **We** will pay for these exams.

5. Submit to examinations under oath by **us** or **our** representative as often as **we** reasonably require. These examinations will take place at a reasonable location of **our** choice and outside the presence of any witness, person or entity making a claim due to the same **accident** or **loss**, or any other person other than **your** attorney. **We** may:

   a. Also require an examination under oath from any **family member** who may be able to assist **us** in obtaining relevant information even if that person is not claiming benefits under this Policy; and

   b. Make a video and/or audio recording or any other type of recording of an examination under oath.

6. Give **us** written and recorded statements as often as **we** reasonably request.

7. Give **us** written authorization to obtain:

   a. Medical records and reports, including current reports, notes and test results, records of prior medical history and treatment, therapy records and counseling records;

   b. Credit and financial records;

   c. Photographs;

   d. Telephone, including cellular, text messaging and all other telephonic communication records, including billing records; and

   e. Other records **we** deem relevant in the investigation or settlement of a claim.

8. Submit a sworn statement as proof of loss as **we** require.

9. Not voluntarily assume any obligation to pay, make any payment or incur any expense for **bodily injury** or **property damage** arising out of an **accident**.

10. Attend hearings and trials as **we** require.

11. Authorize **us** to get any information on any data, maintenance or event recorder device installed in a **covered auto** as **we** deem relevant to the facts of the **accident** or **loss**.

**ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO**

A person seeking coverage under PART D > COVERAGE FOR DAMAGE TO YOUR AUTO must, in addition to the **GENERAL DUTIES**:

1. Promptly, but no later than twenty-four (24) hours after discovery of the **loss**, report the theft or vandalism of any **auto** or other property insured under this Policy, or its equipment or parts, to the police or other local law enforcement.

2. Take reasonable steps after a **loss** to protect all property insured under PART D > COVERAGE FOR DAMAGE TO YOUR AUTO from further **loss**. **We** will pay reasonable expenses incurred to protect that property. Any further **loss** due to failure to protect will not be covered under this Policy.

3. Permit **us** to inspect and appraise all **loss** covered under PART D > COVERAGE FOR DAMAGE TO YOUR AUTO before its repair or disposal.

4. Promptly report any **accident** or **loss** to the police or other local law enforcement if the person cannot identify the **owner** or operator of an at-fault vehicle involved in the **accident**.

5. Authorize **us** to move the damaged **auto** or **your trailer** to a storage facility of **our** choice at **our** expense.

## TORT LIABILITY INSURANCE OPTIONS

A. **Who is an Insured Under Tort Liability Insurance Options?**

   As used in this section, an **"insured"** means:

   1. **You** or a **family member**; or

   2. If residing in **your** household, a minor in the custody of either **you** or a **family member**.

B. **LIMITED TORT OPTION**

   If the **Declarations Page** shows "Limited Tort" as the tort option chosen, the Limited Tort Option applies. Each **insured** who is bound by this option may seek compensation only for **economic loss** suffered because of **bodily injury** caused by **accident** as the consequence of the fault of another person.

   However, each **insured** may recover damages as if the **insured** damaged had elected the Full Tort Option:

   1. If the **bodily injury** suffered is a **serious injury**; or

   2. If the person at fault:

      a. Is convicted, or accept Accelerated Rehabilitative Disposition for driving under

Case ID: 230902133

the influence of alcohol or a controlled substance in that **accident**; or

b.  Is operating a motor vehicle registered in another state; or

c.  intends to cause intentional injury; or

d.  has not maintained financial responsibility as required by Pennsylvania law, provided that nothing herein shall affect the limitation of a person, precluded from maintaining an action for **noneconomic loss** under the limited tort alternative, to recover **noneconomic loss** under Underinsured Motorists Coverage or Underinsured Motorists Coverage.

3.  With respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission, in the course of such business, other than a defect in a motor vehicle which is operated by such business; or

4.  If injured when **occupying** a motor vehicle other than a private passenger motor as defined the **the Act** (Pennsylvania Motor Vehicle Financial Responsibility Law).

C.  **FULL TORT OPTION**

If the **Declarations Page** shows "Full Tort" as the Tort Option chosen, the Full Tort Option applies. Each **insured** bound by this option may seek compensation for **noneconomic loss** claimed and **economic loss** suffered because of **bodily injury** caused by **accident** as the consequence of the fault of another person.

D.  **OTHER INSURANCE**

If **you** or a **family member** are covered by more than one liability insurance policy and the policies have conflicting Tort Options, **you** or the **family member** are bound the Tort Option of the policy associated with the motor vehicle in which **you** or the **family member** are **occupying** at the time of the **accident** and, in all other situations, **you** or the **family member** shall be bound by the Full Tort Option.

# PART A > LIABILITY COVERAGE

## INSURING AGREEMENT

A.  Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Liability Coverage, **we** will pay compensatory damages for which an **insured** is legally liable due to **bodily injury** or **property damage** caused by an **accident** that arises out of the **ownership**, maintenance or use of an **auto** covered under this

PART A. **We** will not pay for **punitive or exemplary damages**.

B.  **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. If **we** defend, **we** will choose the counsel of **our** choice which may include an in-house counsel. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **our** limit of liability for this coverage has been exhausted by payment of judgments or by settlement. **We** have no duty to:

1.  Defend any suit;

2.  Settle any claim; or

3.  Pay any judgment;

for **bodily injury** or **property damage** not covered under this Policy.

## ADDITIONAL DEFINITION – PART A > LIABILITY COVERAGE

"**Insured**", as used in this PART A, means:

1.  **You** and any **family member** who does not meet the definition of an **undisclosed operator** for:

a.  Operation or use of any **auto** with permission from its **owner**; or

b.  The **ownership**, maintenance or use of a **covered auto**.

2.  A **permissive driver** of a **covered auto** or a **loaner vehicle**.

3.  For the use of a **covered auto** or **loaner vehicle**, any person or organization, but only with respect to legal liability for acts or omissions of a person for whom coverage is afforded under this PART A.

4.  With respect to the use of an **auto**, other than a **covered auto** or **loaner vehicle**, by **you** or a **family member**, any person or organization to the extent of legal liability within the limit of liability imputed due to the negligence of **you** or a **family member** for whom coverage is afforded under this PART A. This provision applies only if the person or organization does not **own** or hire the **auto**.

## SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of an **insured**:

1.  Premiums on appeal bonds and bonds to release attachments in any suit **we** defend and **we** choose to appeal. **We** have no duty to:

a.  Apply for or furnish any bond; or

b.  Pay premium on any bond in an amount exceeding **our** limit of liability.

Case ID: 230902133

12136 (12012017)

Integon General Insurance Corporation

2. Interest accruing after a judgment is entered in any suit **we** defend on that portion of the judgment that is within **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment which does not exceed **our** limit of liability for this coverage.

3. Reasonable loss of earnings, up to $200 per day, that is incurred by an **insured** due to attendance at hearings, proceedings, or trials at **our** request. The **insured** must make a written request for loss of earnings and provide written proof of such loss.

4. Other reasonable expenses incurred at **our** request.

## EXCLUSIONS

**PLEASE READ THE EXCLUSIONS CAREFULLY. IF ANY EXCLUSION APPLIES, COVERAGE WILL NOT BE PROVIDED FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

A. **We** do not provide Liability Coverage for, nor do **we** have a duty to defend for:

1. **Bodily injury** or **property damage**:

   a. Caused intentionally by, or at the direction of, an **insured**; or

   b. That is, or should be, reasonably expected to result from an intentional act of an **insured**;

   even if the actual **bodily injury** or **property damage** that results is different than that which was intended.

2. **Property damage** to property:

   a. Owned by;

   b. Rented to;

   c. Used by;

   d. Transported by; or

   e. In the care, custody or control of;

   **you**, any **family member**, an **insured** or a person **residing** in **your** household.

   This exclusion does not apply to **property damage** to a residence or private garage rented to **you**, any **family member**, an **insured** or a person **residing** in **your** household.

3. **Bodily injury** to an employee or fellow employee of any **insured** arising out of, and in the course of, employment. This exclusion does not apply to **bodily injury** to a domestic employee unless worker's compensation benefits, disability benefits, or similar benefits are required or available for that domestic employee.

4. Liability arising out of the **ownership,** maintenance or use of a vehicle while it is being used to **carry persons or property for compensation or a fee** or as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

5. **Bodily injury** or **property damage** that occurs while the **insured** is employed or otherwise engaged in any **motor vehicle business**. However, this exclusion does not apply to the **ownership**, maintenance or use of a **covered auto** by **you** or a **family member**.

6. **Bodily injury** or **property damage** that occurs while maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the Declarations Page for an **auto** shown on the **Declarations Page**, this exclusion does not apply to the **ownership**; maintenance; or use of that **auto** by:

   a. **You;**

   b. Any **family member**; or

   c. Any partner, agent or employee of **you** or any **family member**.

7. **Bodily injury** or **property damage** that occurs while any person is using an **auto** without the **owner's** express or implied permission or beyond the scope of the **owner's** express or implied permission. This exclusion does not apply to **you** or a **family member** when using or **occupying** a **covered auto.**

8. Liability arising out of the **ownership,** maintenance or use of a vehicle while it is being used in a **personal vehicle sharing program.**

9. **Bodily injury** or **property damage** for which an **insured**:

   a. Is an insured under a nuclear energy liability policy; or

   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   For the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

10. **Bodily injury** or **property damage** arising out of the **ownership**, maintenance, or use of any vehicle while **racing**.

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

11. **Bodily injury** or **property damage** for which the United States Government is held responsible under the Federal Tort Claims Act.

12. **Bodily injury** or **property damage** arising out of any liability assumed by an **insured** under any contract or agreement.

13. **Bodily injury** or **property damage** to any person that results from an **accident** or **loss** that occurs while the **insured** is committing a **crime**.

14. **Bodily injury** or **property damage** caused by or any consequence of:

    a. War, whether declared or undeclared;

    b. Civil war;

    c. Insurrection;

    d. Rebellion or revolution;

    e. Radioactive contamination; or

    f. Nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

15. **Bodily injury** or **property damage** arising out of the **ownership**, maintenance, or use of a **covered auto** as a residence or premises.

16. **Bodily injury** or **property damage** arising out of or resulting from, in whole or in part, any actual, alleged, or threatened migration; release; existence; or presence of, or actual, alleged, or threatened exposure to, any mold, mildew, fungus or other microbes. This includes any type or form of: (i) decomposing or disintegrating organic material or microorganism; (ii) organic surface growth on moist, damp, or decaying matter; (iii) yeast or spore-bearing plant-like organism; or (iv) spores; scents; toxins; mycotoxins; bacteria; viruses; or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

17. Court ordered criminal restitution.

18. **Bodily injury** or **property damage** resulting from the discharge of any firearm or weapon in connection with the **ownership**, maintenance or use of any **auto**.

19. **Bodily injury** or **property damage** resulting from the use of any **auto** by:

    a. An excluded driver;

    b. An **undisclosed operator**; or

    c. Any person with a revoked or suspended driver's license or permit.

B. **We** do not provide Liability Coverage for, nor do **we** have a duty to defend, any **insured** for **bodily injury** or **property damage** arising out of the **ownership**, maintenance, or use of:

1. Any vehicle which has less than four wheels or which is designed for use mainly off public roads such as any type of all-terrain or quad vehicle, dune buggy, go-cart, or golf cart. This exclusion does not apply to **your trailer**.

2. Any vehicle, other than a **covered auto** or **loaner vehicle**, that is:

    a. **Owned** by **you**; or

    b. Furnished or available for **your** regular use.

3. Any **auto**, other than a **covered auto** or **loaner vehicle**, that is:

    a. **Owned** by any **family member**; or

    b. Furnished or available for the regular use of any **family member**.

   However, this exclusion B.3. does not apply to **you**.

4. A **covered auto** that:

    a. Has been rented, leased, subleased, loaned or given by **you** or a **family member** to another party in exchange for money, value, goods, services, compensation or reimbursement;

    b. Has been given in exchange for compensation;

    c. Is under a conditional sales agreement by **you** to another; or

    d. Has been entrusted to anyone other than **you** or a **family member** for consignment; sale; promoting sale; subleasing; leasing; renting; or selling, and is no longer in **your** possession.

## LIMIT OF LIABILITY

**WARNING: if we** make a payment on behalf of a **permissive driver**, **we** will pay only up to the minimum limits required by the compulsory or financial responsibility law in the state in which this Policy is issued regardless of the limits of liability shown on the **Declarations Page** for liability coverage.

A. The Bodily Injury limit of liability shown on the **Declarations Page** for each person is the most **we** will pay for all damages, including **derivative claims**, arising out of and due to **bodily injury** sustained by any one person in any one **accident**. However, if liability coverage under PART A is payable on behalf of a **permissive driver**, the minimum limit of liability for **bodily injury** per person required by the state in which this Policy is issued is the most **we** will pay for all damages, including **derivative claims**, arising out of and due to **bodily injury** sustained by any one person in any one

12136 (12012017)                                    Integon General Insurance Corporation
Case ID: 230902133

accident. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim.

B. Subject to the limit of liability for each person, the Bodily Injury limit of liability shown on the **Declarations Page** for each **accident** is the most **we** will pay for all damages, including **derivative claims**, arising out of and due to **bodily injury** resulting from any one **accident**. However, if liability coverage under PART A is payable on behalf of a **permissive driver**, the minimum limit of liability for **bodily injury** per **accident** required by the state in which this Policy is issued is the most **we** will pay for all damages, including **derivative claims** arising out of and due to **bodily injury** resulting from any one **accident**. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim.

C. The Property Damage limit of liability shown on the **Declarations Page** for each **accident** is the most **we** will pay for all damages due to **property damage** sustained in any one **accident**. However, if liability coverage under PART A is payable on behalf of a **permissive driver**, the minimum limit of liability for **property damage** required by the state in which this Policy is issued is the most **we** will pay for all damages due to **property damage** sustained in any one **accident**.

D. If the **Declarations Page** indicates that a combined single limit applies, the limit of liability shown is the most **we** will pay for the total of all damages, including **derivative claims**, arising out of and due to **bodily injury** and/or **property damage** resulting from any one **accident**. However, if liability coverage under PART A is payable on behalf of a **permissive driver**, the most **we** will pay for the aggregate of all damages resulting from any one **accident** is the minimum combined limit of liability required by the state in which this Policy is issued. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

E. There will be no adding, stacking or combining of coverage. The limits of liability for Bodily Injury Liability Coverage and Property Damage Liability Coverage shown on the **Declarations Page** are the most **we** will pay as the result of any one **accident** without regard to the number of:

1. **Insureds**, heirs or survivors;
2. Claimants;
3. Claims made;
4. Lawsuits filed;
5. Vehicles shown on the **Declarations Page**;

6. Premiums shown on the **Declarations Page**;
7. Vehicles involved in the **accident**; or
8. Premiums paid.

F. If liability coverage under PART A is payable on behalf of a **permissive driver**, then the minimum limits of liability for **bodily injury** and **property damage** required by the state in which this Policy is issued is the most **we** will pay as the result of any one **accident** without regard to the number of:

1. **Insureds**, heirs or survivors;
2. Claimants;
3. Claims made;
4. Lawsuits filed;
5. Vehicles shown on the **Declarations Page**;
6. Premiums shown on the **Declarations Page**;
7. Vehicles involved in the **accident**; or
8. Premiums paid.

There will be no adding, stacking or combining of coverage.

G. An **auto** and attached **trailer** or a **covered auto** and **your trailer** are considered one **auto**. Therefore, the limit of liability will not be increased for an **accident** involving an **auto** with an attached **trailer** or a **covered auto** and **your trailer**.

H. Any payment under PART A > LIABILITY COVERAGE will be reduced by any payment made to that person under FIRST PARTY BENEFITS COVERAGE or PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE, or However, this provision shall not reduce coverage under this PART A to an amount less than the **minimum limits**.

I. No one will be entitled to receive duplicate payments for the same elements of **loss** or damage under PART A for which payment has been made:

1. Under any other coverage provided by this Policy;
2. By or on behalf of the person or organization that may be legally responsible; or
3. Under any other insurance or source of recovery.

## OUT OF STATE COVERAGE

If an **accident** to which this Policy applies occurs in any state or province other than the one in which a **covered auto** or a **loaner vehicle** is principally garaged, **we** will interpret **your** Policy for that **accident** as follows:

If the state or province has:

1. A financial responsibility or similar law requiring a nonresident driver to maintain insurance with

Case ID: 230902133

limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **Declarations Page**, the limits of liability under this Policy that apply to that **accident** will be the higher minimum Liability Coverage limits required by the law in that state or province. However, **we** will not provide any Liability Coverage for an **accident** if the **Declarations Page** does not show **you** have purchased that Liability Coverage unless that state or province has a financial responsibility or similar law that requires **us** to do so; or

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the **insured** uses an **auto** in that state or province, this Policy will provide the greater of:

   a. The minimum limits and types of coverage; or

   b. The applicable limits of liability provided for that **insured** under this Policy.

## FINANCIAL RESPONSIBILITY REQUIRED

When this Policy is certified as proof of financial responsibility, this Policy will comply with the law of the state in which the Policy is written to the extent required. If **we** make a payment for an **accident** which is not covered under the terms of this Policy but which **we** paid solely to comply with the terms of a financial responsibility certification, **you** must reimburse **us** to the extent of such payment.

## OTHER INSURANCE

A. If there is other applicable liability insurance, self-insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limits of liability bear to the total of all applicable limits with the same priority. However, any insurance **we** provide for an **auto you** do not **own** other than a **loaner vehicle** shall be excess over any other collectible insurance, self-insurance or bond.

B. If the other insurer refuses to defend, **we:**

   1. Will continue to defend where required by law;

   2. Shall be subrogated to the **insured's** rights against the other insurer;

   3. Reserve **our** rights against such insurer; and

   4. Do not waive any of **our** rights against the other insurer by continuing to defend.

## PART B > FIRST PARTY BENEFITS COVERAGE

## INSURING AGREEMENT

A. **Basic First Party Benefits Option**

   **We** will pay Basic First Party Benefits consisting of **Medical Expenses** to or for an **insured** who

sustains bodily injury caused by an **accident** arising out of the maintenance or use of a **motor vehicle.** Our limit of Liability for **Medical Expenses** is $5,000**.**

B. **Added First Party Benefits Option**

   If the **Declarations Page** indicates Added First Party Benefits Coverage applies, **we** will pay Added First Party Benefits instead of the Basic First Party Benefit, to or for an **insured** who sustains **bodily injury** caused by an **accident** arising out of the maintenance or use of a **motor vehicle.**

   Added First Party Benefits consists of the following:

   1. **Medical Expenses** if it appears in the **Declarations Page**. The Limit of Liability for the **Medical Expenses** is increased to the amount shown in the **Declarations Page**.

   2. **Income Loss** if is appears in the **Declarations Page**. The maximum Limit of Liability for **income loss** is the amount shown in the **Declarations Page**.

      The Limit of Liability for any one month is the "Monthly Amount" shown for that option in the following schedule.

   **Income Loss Schedule**

   | Maximum Amount | Monthly Amount |
   | --- | --- |
   | $5,000 | $1000 |
   | $15,000 | $1,000 |
   | $25,000 | $1,500 |
   | $50,000 | $2,500 |

   3. **Funeral Expense** if it appears in the **Declarations Page**. The Limit of Liability for **funeral expense** is the amount shown in the **Declarations Page**.

   4. **Accidental Death** benefit if it appears in the **Declarations Page**. The Limit of Liability for **Accidental Death** benefit as the amount shown in the **Declarations Page**.

      **We** will pay **accidental death** benefit to the executor or administrator of the deceased **insured's** estate. If there is no executor or administrator, the benefit shall be paid to:

      a. The deceased **insured's** surviving spouse; or

      b. If there is no surviving spouse, the deceased **insured's** surviving children; or

      c. If there is no surviving spouse or children, to the deceased **insured's** estate.

C. **Combination First Party Benefits Option**

   This option applies if Combination First Party Benefits appears in the **Declarations Page**. The Limit of Liability for **Medical Expenses, Income**

12136 (12012017)

Case ID: 230902133
Integon General Insurance Corporation

**Loss, Funeral Expense and Accidental Death** combined is the amount shown in the **Declarations Page.** The "total limit" is the most **we** will pay as the result of **bodily injury** to any one **insured** as the result of any one **accident.** However, the most **we** will pay for:

1. **Funeral Expense** is $2500.

2. **Accidental Death** is $25,000.

**We** will only pay for expense or **loss** incurred with three years from the date of the **accident.**

## ADDITIONAL DEFINITIONS – PART B > FIRST PARTY BENEFITS COVERAGE

As used in this PART B:

A. **"Accidental death"** means the death of **you** or any **family member** from **bodily injury** caused by **accident,** if the death occurs within 24 months from the date of the **accident.**

B. **"Covered auto"** means a **motor vehicle:**

1. To which liability coverage under this Policy applies and for which a **specific** premium is charged; and

2, For which **you** maintain First Party Benefits Coverage as required under **the Act.**

C. **"Funeral expense"** means reasonable and necessary expenses incurred for, and directly related to, the funeral, burial, cremation or other form of disposition of the remains of the deceased **insured.** The expenses must be incurred as a result of the death if the **insured** and within 24 months from the date of the **accident.**

D. **"Income loss"** means eighty (80%) percent of gross income actually lost by an **insured.**

**Income loss** also means reasonable expenses actually incurred for hiring:

1. A substitute to perform the work a self-employed **insured** would have performed except for **bodily injury;** or

2. Special help, thereby enabling a person to work, thereby reducing **loss** of gross income.

**Income loss** does not include:

1. Loss of expected income for any period following the death of an **insured;** or

2. Expenses incurred for services performed following the death of an **insured;** or

3. Any loss of income during the first five (5) working days the **insured** did not work after the **accident** because of the **bodily injury.**

E. **"Insured"** means:

1. **You** or any **family member;**

2. Any other person:

a. While **occupying** a **covered auto** or

b. While a pedestrian if injured as a result of an **accident** in Pennsylvania involving a **covered auto.**

If a **covered auto** or a **loaner vehicle** is parked and unoccupied it is not a **motor vehicle** involved in an **accident** unless it was parked in a manner as to create an unreasonable risk of injury.

F. **"Medical expenses"** means reasonable and necessary charges incurred for:

1. Medical treatment, including but not limited to:

a. Medical, hospital, surgical, nursing and dental services;

b. Medications, medical supplies and prosthetic devices; and

c. Ambulance.

2. Medical and rehabilitative services, including but not limited to:

a. Medical care;

b. Licensed physical therapy, vocational rehabilitation and occupational therapy

c. Osteopathic, chiropractic, psychiatric and psychological services; and

d. Optometric services, speech pathology and audiology;

3. Non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

All medical treatment and medical and rehabilitative services must be provided by or prescribed by a person or facility approved by the Department of Health, the equivalent governmental agency responsible for health programs or the accrediting designee of a department or agency of the state in which those services are provided.

**Medical expenses** will be paid if incurred within 18 months from the date of the **accident** causing **bodily injury** and if such expenses have not been found to be unnecessary by a state approved Peer Review Organization. However, if within 18 months from the date of the **accident,** it can be determined with reasonable medical probability that additional expenses may be incurred after this period, the 18 month time limit will not apply to the payment of the additional **medical expenses.** The amount **we** will pay is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

G. **"Motor vehicle"** means a self-propelled vehicle, operated or designed for use upon public roads. However **motor vehicle** does not include a vehicle operated:

1. By muscular power; or

2. On rails or tracks.

## EXCLUSIONS

**PLEASE READ THE EXCLUSIONS CAREFULLY. IF ANY EXCLUSION APPLIES, COVERAGE WILL NOT BE PROVIDED FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

A. **We** do not provide benefits for any person for **bodily injury:**

1. Caused intentionally by, or at the direction of, an **insured** or that is, or should be, reasonably expected to result from an intentional act of an **insured** even if the actual **bodily injury** that results is different than that which was intended.

2. Arising out of the **ownership**, maintenance or use of a vehicle while it is being used to **carry persons or property for compensation or a fee** or as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

3. That occurs while the **insured** is employed or otherwise engaged in any **motor vehicle business.** However, this exclusion does not apply to the **ownership**, maintenance or use of a **covered auto** by **you** or a **family member.**

4. That occurs while maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the **Declarations Page** for an **auto** shown on the **Declarations Page,** this exclusion does not apply to the **ownership**; maintenance; or use of that **auto** by:

   a. **You;**

   b. Any **family member**; or

   c. Any partner, agent or employee of **you** or any **family member.**

5. That occurs while any person is using an **auto** without the **owner's** express or implied permission or beyond the scope of the **owner's** express or implied permission. This does not apply to **you** or a **family member** when using or **occupying** a **covered auto.**

6. Arising out of the **ownership**, maintenance or use of a vehicle while it is being used in a **personal vehicle sharing program.**

7. For which an **insured:**

   a. Is an insured under a nuclear energy liability policy; or

   b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   For the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

8. Arising out of the **ownership**, maintenance or use of any vehicle while **racing.**

9. Resulting from an **accident** or **loss** that occurs while the **insured** is committing a **crime.**

10. Caused by or any consequence of:

    a. War, whether declared or undeclared;

    b. Civil war;

    c. Insurrection;

    d. Rebellion or revolution;

    e. Radioactive contamination; or

    f. Nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

11. Arising out of the **ownership**, maintenance or use of a **covered auto** as a residence or premises.

12. Arising out of or resulting from, in whole or in part, any actual, alleged, or threatened migration; release; existence; or presence of, or actual, alleged, or threatened exposure to, any mold, mildew, fungus or other microbes. This includes any type or form of: (i) decomposing or disintegrating organic material or microorganism; (ii) organic surface growth on moist, damp, or decaying matter; (iii) yeast or spore-bearing plant-like organism; or (iv) spores; scents; toxins; mycotoxins; bacteria; viruses; or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

13. Resulting from the discharge of any firearm or weapon in connection with the **ownership**, maintenance or use of any **auto.**

14. Resulting from the use of any **auto** by:

    a. An excluded driver;

    b. An **undisclosed operator**; or

    c. Any person with a revoked or suspended driver's license or permit.

Case ID: 230902133

15. Sustained by any person while maintaining or using a **motor vehicle** knowingly converted by that person. However, this exclusion does not apply to:

   a. **You**; or

   b. Any **family member**.

16. Sustained by any person who, at the time of the **accident**:

   a. Is the owner of one or more registered **motor vehicles** and none of those **motor vehicles** have in effect the financial responsibility required by **the Act**; or

   b. Is **occupying** a **motor vehicle** owned by that person for which the financial responsibility required by **the Act** is not in effect.

17. Sustained by a pedestrian if the **accident** occurs outside of Pennsylvania. This exclusion does not apply to:

   a. **You**; or

   b. Any **family member**.

18. Sustained by any person injured by a **covered auto** while it is unoccupied and parked so as to not cause unreasonable risk of injury.

B. **We** do not provide First Party Benefits Coverage for any **insured** for **bodily injury** arising out of the **ownership**, maintenance, or use of:

1. Any vehicle which has less than four wheels or which is designed for use mainly off public roads such as any type of all-terrain or quad vehicle, dune buggy, go-cart or golf cart. This exclusion does not apply to **your trailer**.

2. Any vehicle, other than a **covered auto** for which this coverage has been purchased, that is:

   a. **Owned** by **you**; or

   b. Furnished or available for **your** regular use.

3. Any **auto**, other than a **covered auto** for which this coverage has been purchased, that is:

   a. **Owned** by any **family member**; or

   b. Furnished or available for the regular use of any **family member**.

   However, this Exclusion B.3. does not apply to **you**.

4. A **covered auto** that:

   a. Has been rented, leased, subleased, loaned or given by **you** or a **family member** to another party in exchange for money, value, goods, services, compensation or reimbursement;

   b. Has been given in exchange for compensation;

   c. Is under a conditional sales agreement by **you** to another; or

   d. Has been entrusted to anyone other than **you** or a **family member** for consignment; sale; promoting sale; subleasing; leasing; renting; or selling, and is no longer in **your** possession.

## LIMIT OF LIABILITY

A. The limit of liability shown on the **Declarations Page** for First Party Benefits Coverage is the most **we** will pay for all damages arising out of and due to **bodily injury** for each person injured in any one **accident**. There will be no adding, stacking or combining of coverage. The limit of liability for First Party Benefits Coverage shown on the **Declarations Page** is the most **we** will pay without regard to the number of:

1. **Insureds,** heirs or survivors;

2. Insurers providing First Party Benefits

3. Claimants;

4. Claims made;

5. Lawsuits filed;

6. Vehicles shown on the **Declarations Page**;

7. Premiums shown on the **Declarations Page**;

8. Vehicles involved in the **accident**; or

9. Premiums paid.

B. Any payment under PART B > FIRST PARTY BENEFITS COVERAGE shall be excess over any amount paid or payable under PART A > LIABILITY COVERAGE, PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE.

C. No one will be entitled to receive duplicate payments for the same elements of damage under PART B for which payment has been made:

1. Under any other coverage provided by this Policy;

2. By or on behalf of the person or organization that may be legally responsible; or

3. Under any other insurance or source of recovery.

D. If Combination First Party Benefits are afforded, **we** will make available at least the minimum limit required by **the Act** for Basic First Party Benefits. This provision will not change **our** maximum limit of liability.

E. Any amount payable under this coverage shall be excess over any amounts paid, payable or required

Integon General Insurance Corporation

Case ID: 230902133

to be provided to an **insured** under any workers' compensation law or similar law.

## ASSIGNMENT OF BENEFITS

**We** will pay for **medical expenses** directly to a licensed health care provider if the **insured** gives **us** a signed written assignment of benefits payable under PART B > FIRST PARTY BENEFITS COVERAGE. If **we** pay benefits directly to a health care provider, **we** have no further duty or liability to pay those same benefits to an **insured** or to any other person or entity.

## OTHER INSURANCE

A. **We** will pay all First Party Benefits in accordance with the order of priorities set forth by **the Act. We** will not pay if there is another insurer at a higher level of priority. The First category listed below is the highest level of priority and the Fourth category listed below is the lowest level of priority. The priority order is:

First:      The insurer providing benefits to the insured as a named insured.

Second:   The insurer providing benefits to the insured as a family member who is not a named insured under another policy providing coverage under the Act.

Third:     The insurer of the motor vehicle which the insured is occupying at the time of the accident.

Fourth:    The insurer providing benefits on any motor vehicle involved in the accident if the insured is:

    1. Not **occupying** an **auto**; and

    2. Not provided First Party Benefits under any other automobile policy. In this priority, an unoccupied parked **motor vehicle** is not a **motor vehicle** involved in an **accident** unless it was parked in a manner as to create an unreasonable risk of injury.

B. If two or more policies have equal priority within the highest applicable priority level:

    1. The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is then entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim. If such contribution is sought among insurers under the Fourth priority, proration shall be based on the number of involved **motor vehicles**.

    2. If **we** are the insurer against whom the claim is first made, **our** payment to or for an **insured** will not exceed the applicable limit of liability for First Party Benefits Coverage shown in the **Declarations Page**.

    3. The maximum recovery under all policies will not exceed the amount payable under the policy with the highest limit of liability.

## CONDITIONS

A. **Medical Reports; Proof of Claim**. As soon as practicable, the **insured** or someone on his or her behalf shall give **us** proof of claim, under oath if required, fully describing the nature and extent of **bodily injury**, treatment and rehabilitation received and contemplated and other information to assist **us** in determining the amount due and payable.

Proof of claim shall be made upon forms furnished by **us** unless **we** fail to supply such forms within 15 days after receiving notice of claim.

The **insured** shall submit to mental and physical examinations by physicians or psychologists selected by **us** when and as often as **we** may reasonably require. **We** will pay the costs of such examinations.

The **insured** (or, in the event of such person's incapacity or death, his or her legal representative) shall, if **we** request, sign papers to enable **us** to obtain medical reports and copies of records. A copy of such medical report will be forwarded to such **insured** upon his or her written request.

If **income loss** benefits are claimed, the **insured** presenting such claim shall authorize **us** to obtain details of all earnings paid to him or her by an employer or earned by him or her since the time of the injury or during the year immediately preceding the date of the **accident**.

## CONSTITUTIONALITY CLAUSE

The premium for, and the coverages of this Policy were established based on the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

If a court of competent jurisdiction declares a provision of this endorsement valid **we** have the right to amend that provision and to recompute the premium for this coverage subject to the approval of the Insurance Commissioner.

## PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE

Uninsured Motorist Coverage

    Stacked Uninsured **Motorist** (Bodily Injury)

    Non-Stacked Uninsured **Motorist** (Bodily Injury)

Underinsured Motorist Coverage

    Stacked Underinsured **Motorist** Coverage (Bodily Injury)

    Non-Stacked Underinsured **Motorist** Coverage (Bodily Injury)

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

## INSURING AGREEMENT

A. Subject to the limit of liability shown on the **Declarations Page**, if **you** pay **us** the premium for Uninsured Motorist Bodily Injury Coverage or Underinsured Motorist Bodily Injury Coverage, **we** will pay compensatory damages for which an **insured** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle** because of **bodily injury**:

1. Sustained by that **insured**;

2. Caused by an **accident**; and

3. Arising out of the **ownership**, maintenance or use of an **uninsured motor vehicle**.

**We** will not pay for **punitive or exemplary damages**.

B. **We** will pay under this PART C only after the limits of liability under any applicable **bodily injury** liability policies, self-insurance and bonds have been exhausted by payment of judgments or settlements.

C. **We** are not bound by any settlement entered into without **our** consent.

D. **We** are not bound by any judgment for damages that arises out of a lawsuit brought without **our** prior written consent.

## ADDITIONAL DEFINITIONS – PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE

As used in this PART C:

A. **"Insured"** means:

1. **You** or any **family member**.

2. Any other person **occupying** a **covered auto** with, and within the scope of, **your** express or implied permission.

3. Any person for damages that person is legally entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in A.1. or A.2. above. This shall not increase **our** limit of liability to an amount that exceeds the limit of liability applicable to that person referred to in A. 1 or A.2. above.

B. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer**:

1. To which no **bodily injury** liability bond or policy applies at the time of the **accident**.

2. Which is a hit-and-run vehicle whose operator or **owner** cannot be identified and which hits or causes **bodily injury** without hitting:

a. **You** or a **family member**; or

b. A vehicle that **you** or a **family member** are **occupying**; or

c. A covered **auto**.

Provided that the **insured** or someone on his or her behalf reports the **accident** to a police officer and provides a report setting forth the facts of the **accident** to us within 30 days of the **accident**, or as soon as practicable thereafter.

3. To which a **bodily injury** liability bond or policy applies at the time of the **accident** but the bonding or insuring company:

a. Denies coverage; or

b. Is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. **Owned** or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent;

2. Operated on rails or crawler treads;

3. Designed mainly for use off public roads while not on public roads;

4. While located for use or being used as a residence or premises;

5. **Owned** by, furnished to or made available for the regular use of **you** or any **family member**;

6. Which is shown on the Declarations Page or which is insured for coverage under PART A of this Policy;

7. That is not required to be registered as a motor vehicle; or

8. Which is an **underinsured motor vehicle**.

C. **"Underinsured motor vehicle"** means a land motor vehicle or **trailer** to which a **bodily injury** liability bond or policy applies at the time of the **accident** but the amount paid for **bodily injury** under that bond or policy to the **insured** or by the **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages. **Underinsured motor vehicle** does not include an **uninsured motor vehicle**.

"**Underinsured motor vehicle**" does not include any vehicle or equipment:

1. **Owned** by any governmental unit or agency;

2. Operated on rails or crawler treads;

3. Designed mainly for use off public roads while not on public roads;

4. While located for use or being used as a residence or premises;

5. **Owned** by, furnished to or available for the regular use of **you** or any **family member**;

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

6. Which is shown on the **Declarations Page** or which is insured for coverage under PART A of this Policy;

7. That is not required to be registered as a motor vehicle; or

8. Which is an **uninsured motor vehicle**.

**ADDITIONAL DUTIES FOR PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE**

A person seeking coverage under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE must also, in addition to the **GENERAL DUTIES**:

1. Promptly report any **accident** or **loss** to the police or other local law enforcement.

2. Notify the police as soon as practicable after an **accident** that involves a hit-and-run vehicle or unknown driver.

3. Report the **accident** to **us** as soon as practicable after the **accident**.

4. Serve a copy of any legal action and all pleadings on **us** as required by law.

5. Send **us** copies of legal papers if a lawsuit is commenced.

6. Promptly notify **us** in writing of an offer of settlement between the **insured** and the **owner**, operator or insurer of the **underinsured motor vehicle**.

7. Allow **us** thirty (30) days after an offer of settlement to advance payment to that **insured** in an amount equal to the offer to preserve all of **our** rights against the **owner**, operator or insurer of any **underinsured motor vehicle**.

8. Give **us** proof that the limits of liability under any liability policies that apply to an **uninsured motor vehicle** or **underinsured motor vehicle** have been exhausted by payment of judgments or settlements.

**EXCLUSIONS**

**PLEASE READ THE EXCLUSIONS CAREFULLY. IF ANY EXCLUSION APPLIES, COVERAGE WILL NOT BE PROVIDED FOR AN ACCIDENT OR LOSS THAT OTHERWISE WOULD BE COVERED UNDER THIS POLICY.**

A. **We** do not provide Uninsured or Underinsured Motorist Coverage for **bodily injury** sustained by any **insured**:

1. If the **insured** or his or her legal representative, without thirty (30) days advance written notice to **us**, either:

   a. Settles the **bodily injury** claim; or

   b. Brings suit and obtains a judgment related to the **bodily injury** claim;

   and, in doing so, impairs or prejudices **our** rights or interests.

2. If **our** interests or rights have been impaired or prejudiced by a judgment in any lawsuit against any person or organization that may be liable for such **bodily injury** and **we** have not given prior written consent to the **insured** to proceed with that lawsuit.

3. Caused intentionally by, or at the direction of, an **insured** that is, or should be, reasonably expected to result from an intentional act of an **insured** even if the actual **bodily injury** that results is different than that which was intended.

4. Arising out of, and in the course of, employment. This exclusion does not apply to **bodily injury** to a domestic employee unless worker's compensation, disability benefits or similar benefits are required or available for that domestic employee.

5. While occupying a **covered auto** while it is being used to **carry persons or property for compensation or a fee**, or as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. That occurs while the **insured** is employed or otherwise engaged in any **motor vehicle business**. However, this exclusion does not apply to the ownership, maintenance or use of a **covered auto** by **you** or a **family member**.

7. That occurs while maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the **Declarations Page** for an auto shown on the **Declarations Page**, this exclusion does not apply to the ownership; maintenance or use of that **auto** by:

   a. **You**;

   b. Any **family member**; or

   c. Any partner, agent or employee of **your** or any **family member**.

8. While using an **auto** without the **owner's** express or implied permission or beyond the scope of the **owner's** express or implied permission. This exclusion does not apply to **you** or a **family member** when using or occupying a **covered auto**.

9. Who:

   a. Is an insured under a nuclear energy liability policy;

Integon General Insurance Corporation

Case ID: 230902133

b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

For the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:

a. Nuclear Energy Liability Insurance Association;

b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

10. Arising out of the **ownership**, maintenance, or use of any vehicle while **racing**.

11. That results from an **accident** or **loss** that occurs while the **insured** is committing a **crime**.

12. Caused by or any consequence of:

a. War, whether declared or undeclared;

b. Civil war;

c. Insurrection;

d. Rebellion or revolution;

e. Radioactive contamination; or

f. Nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

13. Resulting from the discharge of any firearm or weapon in connection with the **ownership**, maintenance or use of any **auto**.

14. That occurs while the **covered auto** is being used in a **personal vehicle sharing program**. This exclusion applies only to amounts greater than the minimum limits required by the Financial Responsibility Law.

B. **We** do not provide Uninsured or Underinsured Motorist Coverage for any **insured** for **bodily injury** arising out of the **ownership**, maintenance or use of:

1. Any vehicle which has less than four wheels or which is designed for use mainly off public roads such as any type of all-terrain or quad vehicle, dune buggy, go-cart, or golf cart. This exclusion does not apply to use of a **trailer**.

2. Any vehicle which is not insured for Uninsured or Underinsured Motorist Bodily Injury Coverage under this Policy, that is:

a. **Owned** by **you**; or

b. Furnished or available for **your** regular use.

This includes a **trailer** of any type used with that vehicle.

3. Any vehicle which is not insured for Uninsured or Underinsured Motorist Bodily Injury Coverage under this Policy that is:

a. **Owned** by any **family member**; or

b. Furnished or available for the regular use of any **family member**.

4. A **covered auto** that:

a. Has been rented, leased, subleased, loaned or given by **you** or a **family member** to another party in exchange for money, value, goods, services, compensation or reimbursement;

b. Has been given in exchange for compensation;

c. Is under a conditional sales agreement by **you** or another; or

d. Has been entrusted to anyone other than **you** or a **family member** for consignment; promoting sale; subleasing; leasing; renting or selling, and is no longer in **your** possession.

This exclusion does not apply to **you** or a **family member**.

C. Coverage under this PART C shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits law, or similar law, except a workers' compensation law.

D. **We** will not defend by:

1. Any settlement entered into without **our** consent; or

2. Judgment entered into with a party who is liable for damages without **our** consent.

**LIMIT OF LIABILITY**

A. The Uninsured Motorist Bodily Injury limit of liability shown on the Declarations Page for each person is the most **we** will pay for all damages, including **derivative claims**, arising out of and due to **bodily injury** sustained by any one person in any one **accident**. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim.

B. Subject to the limit of liability for each person, the Uninsured Motorist Bodily Injury limit of liability shown on the Declarations Page for each **accident** is the most **we** will pay for all damages, including **derivative claims**, arising out of and due to **bodily injury** resulting from any one **accident**. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim.

C. If the Declarations Page indicates that a combined single limit of loss, the limit of liability shown is the

12136 (12012017)                                                                 Integon General Insurance Corporation

Case ID: 230902133

most **we** will pay for the total of all damages, including **derivative claims**, arising out of and due to **bodily injury** and **property damage** as the result of any one **accident**. For the purpose of such limit of liability, all damages, including **derivative claims**, shall constitute a single claim. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

D.  There will be no adding, stacking or combining of coverage. The limits of liability for Uninsured Motorist Bodily Injury shown on the **Declarations Page** are the most **we** will pay as the result of any one **accident** without regard to the number of:

1.  **Insureds**, heirs or survivors;

2.  Claimants;

3.  Claims made;

4.  Lawsuits filed;

5.  Vehicles shown on the **Declarations Page**;

6.  Premiums shown on the **Declarations Page**;

7.  Vehicles involved in the **accident**;

8.  Premiums paid; or

9.  Policies issued by **us**.

E.  Any payment under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:

1.  Paid or payable from or on behalf of persons or organizations that may be legally liable. This includes, but is not limited to, all sums paid or payable under PART A > LIABILITY COVERAGE; and

2.  Paid or payable under any disability benefits law, Personal Injury Coverage or No Fault Coverage, Medical Payments Coverage, or similar law, except a workers' compensation law.

F.  No one will be entitled to receive duplicate payments for the same elements of **loss** or damage under PART C for which payment has been made:

1.  Under any other coverage provided by this Policy;

2.  By or on behalf of the person or organization that may be legally responsible; or

3.  Under any other insurance or source of recovery.

**OTHER INSURANCE**

A.  The following priorities of recovery apply for Uninsured and Underinsured Motorist Coverage:

First: The Uninsured or Underinsured Motorist Coverage applicable to the vehicle the **insured** was **occupying** at the time of the **accident**.

Second: A policy affording Uninsured or Underinsured Motorist Coverage to the **insured** as a **named insured or family member**.

B.  If there is other uninsured or Underinsured Motorist Bodily Injury Coverage, or similar insurance, that applies or is available under one or more policies, we will pay only our share of the damages or **loss**. Our share is the proportion that **our** limits of liability under this PART C bears to the total of all applicable limits with the same priority as this coverage on either a primary or excess basis, whichever is applicable. The maximum recovery under the Second priority may equal but not exceed the highest applicable limit of liability.

C.  However:

1.  The total recovery under all such policies or coverage may not exceed the highest applicable limit for one vehicle under any insurance providing coverage on either a primary or excess basis.

2.  Any insurance we provide with respect to a vehicle **you** do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3.  Any insurance we provide to an **insured** that is not **occupying** a **covered auto** shall be excess over any collectible insurance providing insurance on a primary basis.

**ARBITRATION**

A.  If **we** and an **insured** do not agree:

1.  Whether the **insured** is legally entitled to recover damages for **bodily injury** under this PART C; or

2.  On the amount of damages that are recoverable by the **insured**;

then upon the agreement of both parties, only these two issues may be submitted to arbitration. However, unless required by law, neither party may be compelled to participate in arbitration, and neither party shall have the other for refusing to arbitrate.

B.  If both **we** and the **insured** agree to arbitration, each party will select a competent, licensed and impartial arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree upon the selection of a third arbitrator within thirty (30) days, **you** or **we** may request that a judge of a court of record, in the county where the **insured** lives, select the third arbitrator.

C.  Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives and the American Arbitration Association rules as to procedure and evidence will apply. If the parties do not agree to be governed by the American

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

Arbitration Asso___ ___ rules, local rules of law as to procedure and ___ ___ ___ will apply.

D. A decision agre__ ___ ___ ___ two of the arbitrators will be binding as to:

1. Whether the ___ ___ ___ed is legally entitled to recover dam___ ___ and

2. The amount ___ ___ ___ damages.

However, the de___ ___ ___ shall be binding only if the amount of dama___ ___ ___arded does not exceed:

1. The limits fo___ ___ ___y injury shown on the **Declaratio**___ ___ for Uninsured Motorist Bodily Injur___ ___age; or

2. The **minimu**___ ___ ___t for **bodily injury**.

If the amount of ___ ___ ___itrators' award exceeds the **minimum limit**___ ___ily injury, either party may demand the rig__ ___ ___t. This demand must be made within six ___ ___lays of the arbitrators' decision. If this ___ ___ is not made within sixty (60) days, the amou___ ___ ___mages agreed to by the arbitrators will b___ ___g.

E. The arbitrators ___ ___ ___ve no authority to:

1. Award an a___ ___ excess of the limit of liability for this cove___ ___ shown on the **Declarations Page**;

2. Award any ___ ___ as **punitive or exemplary damages**;

3. Award any ___ ___ fees;

4. Award any ___ ___ as interest;

5. Decide any ___ ___e issue; or

6. Decide any ___ ___r resolve any dispute with respect to a___ ___ther than:

   a. The leg___ ___y of the **owner** or operator of an **uni**___ ___otor vehicle or **underin**___ ___otor vehicle; and

   b. The amo___ ___compensatory damages that is recov___ ___y the **insured**.

F. Each party will:

1. Pay the cos___ ___and other expenses it incurs; and

2. Bear the ex___ ___the third arbitrator equally.

# PART D > COVE___ ___ FOR DAMAGE TO YOUR AUTO

## INSURING AGREE___ ___ COLLISION COVERAGE

If **you** pay **us** the pr___ ___r Collision Coverage and it is shown on the **De**___ ___s Page, **we** will pay for **loss** to:

1. A cov___ ___ed **auto** and its permanently installed equip___ ___t; and

2. Any n___ ___-ow___ned **auto**, or

3. A loa___ ___r v___hicle including its equipment attach___ ___ thereto, used while a **covered auto** is being ___ ___sported, serviced, repaired or inspe___ ___d by the motor vehicle dealer.

caused by a c___ ___is___n. **Our** payment will be reduced by the applicable ___ ___uctible shown on the **Declarations Page**. No cov___ ___ge will apply to any **additional auto** or **replacement** ___ ___to at any time if such **auto** or its use is not an accept___ ___le risk under **our** Rules in effect at the time the ___ ___add___ed to the Policy.

## INSURING A___ ___REEMENT – COMPREHENSIVE COVERAGE

If **you** pay **us** ___ ___ ___emium for Comprehensive Coverage and it is show___ ___n the **Declarations Page**, **we** will pay for **loss** to:

1. A cov___ ___ed **auto** and its permanently installed equip___ ___nt; and

2. Any n___ ___-ow___ned **auto**, or

3. A loa___ ___r v___hicle including its equipment attach___ ___ thereto, used while a **covered auto** is being ___ ___sported, serviced, repaired or inspe___ ___d by the motor vehicle dealer.

caused by ot___ ___an collision. **Our** payment will be reduced by th___ ___p___icable deductible shown on the **Declarations** ___ ___. No coverage will apply to any **additional au**___ ___or **replacement auto** at any time if such **auto** or its use ___ ___t an acceptable risk under **our** Rules in effect at the ___ ___nc___ ___he **auto** is added to the Policy.

Only **losses** ___ ___sed by **collision** or one of the listed perils under o___ ___an collision are covered under PART D > C___ ___ER___GE FOR DAMAGE TO YOUR AUTO.

## CHILD REST___ ___TS

In the event o___ ___ ___s to which Collision Coverage or Comprehensi___ ___ ___verage applies and **we** determine that the integ___ ___ ___ child safety seat or restraint system is compromis___ ___ ___ ___ill pay up to $250 to replace it with a child safety ___ ___t ___ restraint system of like kind and quality. The c___ ___ ___ ___sa___fety seat or restraint system must have been in ___ ___ ___ **covered auto** or **non-owned auto** at the time of th___ ___ ___ ___ved **loss**. If a covered **loss** occurs when the chi___ ___ ___ofe___y seat or restraint system is in a **non-owned** ___ ___ ___, **we** will provide the broadest coverage applicable to ___ ___ **covered auto** shown on the **Declarations** ___ ___. No deductible applies to this child safety seat or ___ ___int system.

## TOWING AN___ ___OR COVERAGE

A. Subject t___ ___ ___ch occurrence and each term limit shown on ___ ___e ___eclarations Page, if **you** pay **us** the premium ___ ___e To___ing and Labor Coverage, **we** will pay the r___ ___n___ble cost, as determined by **us**, that

12136 (12012017)

Integon General Insurance Corporation

Case ID: 230902133

**you** incur for a c_____, a **loaner vehicle** or any **non-owned** ____:

1. Mechanical l___ ___ ___ hour at the place where the co___ed ___ __oaner **vehicle** or **non-owned** ___ o b___ ___wn;

2. Towing to the ____ ___ce where the necessary re___ rs c___ __ made during regular business hou__ f th___ ___ered **auto, loaner vehicle** or n___ __w___ __uto will not run;

3. Towing the c___ ___o, **loaner vehicle** or **non-owned** ___ __'s stuck on the immediately ___ ___ic roadway; and

4. Delivery of g___ __oi___ ___ or change of tire.

B. Towing and Lab___ __ov___ ___ll apply only to the **covered auto** o___ __ne___ ___ _e which is temporarily replacing said c___ ___ed ___ ___r which this coverage and specific prer___ __m a___ ___wn on the **Declarations** Pa___ ___ To___ __and Labor Coverage applies to a **non**___ ___ __ only if this coverage has been purcha___ ___ ___to shown on the **Declarations** P___ ___

C. **We** will not pay ___ ___he necessary repairs or the cost of th___ ___, ___ry or tire.

D. The each occu___ ___e a___ ___term limit shown on the **Declaratio**___ __ge___ ___ coverage is the most **we** will pay for a___ __ne___ __his coverage is limited to no mo__ ___an ___ ___ccurrences per policy period.

E. **You** will not be e___ ___ __ive duplicate payment under this cove___ ___ __able costs **you** incur and which are ___ ___re under this **Policy**.

F. **We** will only p___ ___d Labor Coverage within the poli___ ___ ___ne J in the GENERAL PROVISIONS

**TRANSPORTATI**___ ___ __O__ __ERAGE

A. **We** will pay up___ ___0 ___ ___ubject to a maximum limit of $600 for:

1. Transportat___ ___ __curred by **you** from a commercia___ ___ __al agency in the event of a total ___ ___ __l auto **or a loaner vehicle**. ___ __f Comprehensive Coverage ___ ___ sec__ for the **covered auto;** or

2. Loss of us___ __en ___ __hich **you** become legally re___ ___ __er of a total theft of **a non-ow**___ ___ __plies only if the **Declarati**___ ___ __s that Comprehen___ ___ __ __ applies to any **covered** ___

A deductible ___ ___is coverage.

B. **We** will pay o___ ___ expenses or loss of use expenses ___ ___licable, incurred during the per___

---

1. Beg___ ___ty-eight (48) hours after **you** notify the ___ ___d **us** of the theft of a **covered auto**, loar___ ___te or a **non-owned auto;** and

2. End___ ___arlier of:

   a. ___ ___overed **auto, loaner vehicle** or a ___ed **auto** has been recovered and ___ ___ to **you** or its **owner;**

   b. ___ ___overed **auto, loaner vehicle** or a ___ed **auto** has been recovered and ___

   c. ___ ___overed **auto, loaner vehicle** or a ___ed **auto** has been replaced;

   d. ___ ___two (72) hours after **we** make an ___ ___ay for the **loss** if the **covered auto**, ___ ___hicle or a **non-owned auto** is ___ ___by **us** to be a total **loss** or ___ ___erable; or

   e. ___ ___u have incurred the maximum $600 ___ ___imit.

C. **We** will ___ ___r transportation expenses if there is a thef___ ___our **trailer**.

D. **You** mu___ ___ written verifiable proof of **your** ___ transpor___ ___ __/or loss of use expenses.

E. At **your** ___ ___ve will guarantee payment of ___ transpor___ ___enses to the provider of such transport___ ___to $20 per day, to a maximum limit of $600,___ ___l pay such provider directly.

F. There sh___ ___ duplicate recovery for the same element ___ ___or expense under this coverage and any ___ ___verage provided by this **Policy**. Howeve___ ___urchase Rental Reimbursement Coverag___ ___same or higher limits of coverage than this ___ ___rovides, then the provisions and limits of ___ ___l Reimbursement Coverage shall apply to ___ ___heft of a **covered auto, loaner vehicle** a___ ___owned **auto**. Transportation Expens___ ___ge cannot be combined or stacked with the ___ ___eimbursement Coverage provided under P/___

**RENTAL R**___ ___ __EME__ __T COVERAGE

A. Subject ___ ___ ___ d ___ and each **accident** limit shown o___ ___arations Page**, if **you** pay **us** the premium ___ ___al R___ __bursement Coverage, **we** will reim___ ___or, ___ our option, pay directly on **your** be___ ___ily rental expenses incurred by **you** who ___ ___ta___ __auto from a commercially licensed ___ ___ency approved by **us**. No deductib___ ___ly to this coverage. Rental Reimbur___ ___ ___over__ge will apply only to a specific **covered** ___ ___which this coverage and a specific premium ___ ___n o__ the **Declarations Page** or a **loaner** ___ ___vi___ _to **an insured** while such **covered** ___ ___ing___ ___ansported, serviced, repaired ___ ___a motor vehicle dealer.

12136 (12012017)                                        ___gon General Insurance Corporation

Case ID: 230902133

B. The length of ... hich ... c verage will apply will be limited ... ser ...

1. The perio... reaso... ly required, as determine... to re... a **overed auto** or **loaner ve**...

2. Seventy-tv... ours ... er we make an offer to pay the ... **ash ... ue** of the **covered auto** or lo... **icle** ... he event of a total **loss.**

C. Daily rental e... hall ... in lude the cost of:

1. Insurance ... o the ... te of the **auto**;

2. Refueling ... l aut...

3. Mileage f...

4. Navigation ... ;

5. Collision ... aive ... r

6. Tolls.

D. Rental Reimb... Cov... ge applies only if the **covered auto** ... r ve... i ... withdrawn from use for more t... ty-fo... 24 hours and:

1. **You** have ... or Coverage for that **covered** ... over... u ... which resulted in the use ... ner v... cle and the **loss** falls under that...

2. **You** have ... d C ... prehensive Coverage for that c... to c ... vered **auto** which resulted in ... of a ... ner **vehicle** and the **loss** falls ... t cov... ge.

E. If **you** purcha... Rei... rsement Coverage with a limit low... at p... vided for in the Transportation ... s C ... erage provision in PART D and t... volv... the total theft of a **covered auto**... ner **ve**... cle, then the limits and provisions app... tran... ortation expenses under Transp... exp... es Coverage will apply.

F. Rental Reimb... Cov... ge cannot be combined or s... th t... Transportation Expenses Co... vid... under PART D.

**CUSTOMIZED E... T A ... PARTS COVERAGE**

A. Unless **you** p... prem... m for Additional Customized E... and ... arts Coverage and it is shown on the ... ons ... age or on the applicable sch... e lim... of liability for **loss** to **customized** ... t an... parts is the lowest of:

1. The **actua**... lue ... such **customized equipme**... ts, ... duced by the applicable ... e a... by its salvage value if **you** or the ... etai... e salvage;

2. The amou... ary ... repair the **customized equipme**... ts, ... duced by the applicable ... e;

3. The ... y to replace the **cust**... t e ... nt and parts, reduced by the a ... le ... ... ... and reduced by its salva... e ... the **owner** retain the salva...

4. $100...

B. If the **act**... n without t... om ... less than ... th ... ve will pay is the **actual cash va**... **auto** unless Additional Customi... ... d Parts Coverage has been pu...

C. Customi... r ... d Parts Coverage applies only if:

1. **You** ... rc ... ollision Coverage for the **cove**... o ... ng the **customized equip**... r, ... and parts and the **loss** falls ... that ...

2. **You** ... rc ... omprehensive Coverage for t... ntaining the **cust**... t and parts and the **loss** falls ... e.

**ADDITIONA... EQUIPMENT AND PARTS COV**...

A. Subject t... it ... on the **Declarations Page**, if y... t... ium for Additional Customi... ... Parts Coverage for a **covered**... e ... r **loss** to the **customi**... io ... parts in or on that **covered**... om a **loss**. All payments for **loss**... equipment and parts shall be ... icable deductible, but only one ... ol ... applied to any one **loss** under thi... RAGE FOR DAMAGE **TO YOU**... ).

B. Additional ... ipment and Parts Coverag...

1. **You**... sion Coverage for the **cov**... the **customized equi**... d the **loss** falls under that...

2. **You**... omprehensive Coverage for t... ntaining the **cust**... and parts and the **loss** falls... e.

C. The limit... o **customized equipm**... his coverage is the lowest o...

1. The... such **customized** equ... duced by the **agr**... by its salvage value if **you**... the salvage;

... General Insurance Corporation

Case ID: 230902133

2. The amou... **equipmer...** applicable...

3. The amou... **customize...** **and parts**, reduced by the applica... and reduced by its salvage va... e **owner** retain the salvage; or...

4. The limit o... ...ditional Customized Equipment... ...erage shown on the **Declara...**

D. Coverage for ... **...uipment and parts** shall not caus... ...bility for **loss** to an **auto** under thi... ...OVERAGE FOR DAMAGE TO ... ...o be increased to an amount in exc...

1. The **actua...** ...f the **auto**, including its **customize...** **and parts** covered under this ...

2. Any applic... ...ated amount elected by **you** s... ...clarations Page for this coverage. ...

E. Any amount p... ...is coverage shall be reduced to the ...ense is payable under any other cov... ...s Policy.

F. There shall be ... ...ecovery for the same elements of lo... ...under this coverage and any other ... ...ded by this Policy.

**ADDITIONAL DEF... ...RT D > COVERAGE FOR DAMAGE TO...**

As used in this PA...

A. **"Collision" m...** ...of a covered **auto** or a **non-owned a...** ...t with another vehicle or object.

B. **"Comprehen... ...er than collision"** mean a **loss** o...

1. Missiles o...

2. Fire or lig...

3. Theft or la...

4. Explosion...

5. Windstorm...

6. Hail, wate...

7. Malicious ... ...dalism;

8. Riot or civ...

9. Impact wit... ...nal; or

10. Breakage ... ...t breakage of glass caused by ...

Only **losses** c... ...f these listed perils are covered unde... ...lision.

C. **"Custor... ...nt a...d parts"** means equipme... ...ess...ies, changes and enhancer... ...n t...se installed by the original m... ...hi...lter the appearance or performa...e ... . Th... includes, but is not limited to... ...: ...y or suspension alteration... c... ...pec... wheels or tires; side exhaust... t ba... ...sts; spoilers; ground effects; ... ...s ...exha...sts; utility boxes; custom ... s; ...m pa...nting; murals; or decals or graph... ... ...ed t...such items also includes ... ...d t...such items as any electron... ...ms; and other devices used exc... ... ...or...ceive audio, visual or data sign... ...k r...corded media. The customi... ...a...parts must be permanen... ...a c...ered **auto** using bolts, brac...ets... ...cke... . Customized equi...m... ...oes ...ot include snow plows or sn...w ...nen...

D. **"Origin...r ...anu...cturer" and "OEM"** mean a ter...

1. Proc... ...tall... by the manufacturer f th...

2. Prod... or ...he manufacturer of the ...uto...ac...r intends as a part of the c... ...lu...s option when new.

E. **"Per...na... ...r"** ...ns original equipment instal... ...lec...tur... that is bolted down, affixed c... ...vi... ...alle...o become a permanc... ...r ...vel...le.

F. **"Yo...r tr...** ...in PART D only, means a non-no... ...icl...g a farm wagon or farm imp... ...d t...e pulled on public roads by... ...h...l:

1. Ow...

2. Sho... ...ra...s Page; and

is not ba...

1. As ... ...ffice, store, **business** ...or f... ...y... ...ses;

2. For ... ...ros... ; or

3. To... ...ge...

**EXCLU...O...**

**PLEASE R... ...S CAREFULLY. IF ANY EXCL... ...RAGE WILL NOT BE PRO...I... ...T OR LOSS THAT OTHER...I... ...RED UNDER THIS POLIC...**

A. **We...ill...**

1. ...os...

...y, or at the direction ...ember; or

12136 (12012017)

...al Insurance Corporation

Case ID: 230902133

b. That is, ... reasonably expected to result ...tional act of **you** or any fam...

even if the a... ...damage is different than that wh... ...ted. However, this exclusion d... ...o an innocent **insured** who did not ... ...re the **loss**.

2. **Loss** to a c... ...**loaner vehicle** or any **non-owne**... ...urs while it is being used to car... ...so...**property for compensat**... ...or a ...r as a public or livery conveyance ...s e... ...n does not apply to a share-the-ex...ol.

3. **Loss** to a c... d ...**loaner vehicle** or any **non-owned**... b ... intained or used by any person ... ...**cle business.**

4. **Loss** to a c... ...**loaner vehicle** while maintained ... ...person employed or otherwise ... ...business (other than farming or r...ng) ...usiness or artisan use is note... ...ations **Page** for an **auto** shown ...he ...ations Page, this exclusion d...ot ... ...to the **ownership**, maintenanc... ...us ...**auto** by:

a. **You;** ...

b. Any fa... e

5. **Loss** to any... ...ch insurance:

a. Is affe... ...clear energy liability policy: ...

b. Would... ...ord ...r a nuclear energy liabilit... ...bu... ...s termination upon exhaust... ...f its ...f liability.

For purpo... ...his ...ion, a nuclear energy liability p... ...y issued by any of the following... e ...ssors:

a. Nuclea... ...y Insurance Assoc...

b. Mutua... c b ...Liability Underwriters;

c. Nuclea... ran... ...ation of Canada.

6. **Loss** to a ...d ...aner **vehicle** or any **non-own**... ...w ...auto is engaged in racing.

7. **Loss** that... ...w ...overed **auto, loaner vehicle** o... ...to is being used in the course ... ...crime. This does not apply to l... ...hen the **covered auto** or n... ...s been stolen.

8. **Loss** to a ... d ...**loaner vehicle** that occurs w... ...bei... ...a personal **vehicle** s... ...pro...

9. **Loss** cau... ...or ...onsequence of:

a. ... ...or undeclared;

...

...F...ct ...tion; or

...N... ...iation, whether ...ed or however ...

10. ...**Los**... ...lting from, in whole or ...p... ...or threatened ...e; or presence of, or ...ed exposure to, any ...ner microbes. This ...clu... ...f: (i) decomposing or ...isint... ...rial or otherwise ...micro... ...r ...urface growth on ...ois... ...tter; (iii) yeast or ...s por... ...nism; or (iv) spores; ...cer... bacteria; viruses; or ...ny ...uced or released by ...or other microbes.

11. ... ...to:

...

c. M... ...or electrical b...

d. D... ...or ...rosion; or

e. ...

This ... ...ply if the damage res... ...r a **covered auto**, **oar**... ...**owned auto** to ...vehic... ...erage under this Polic...

12. **Loss**... ...w ...hat is not shown on the D...

13. **Loss**... ...o, ...**loaner vehicle** or any **non-**... ...to ...as a consequence of:

a. ... ...onfiscation by ...l a ...rities including, but ...ru... seizure, or ...al or state law ...r... connection with any ...ntr...d substances law ...c...ed; or

b. R... ...tity acting on behalf ...c...ered **auto, loaner** ...ne... **auto.**

This ... ...ty to the interests of Loss... ...ere...to.

...al Insurance Corporation

Case ID: 230902133

14. **Loss** to e... ...d or used for the
    detection ... ...r, laser or other
    speed mo... ...nt or its transmission.

15. **Loss** to w... ...tools.

16. **Loss** to p... ...t, devices,
    accessori... ...personal effects that
    are not po... ...d. This includes, but
    is not limi... ...

    a. Tapes... ...ct discs, DVDs or
       other ... ...ded media;

    b. Any c... ...d to carry or store
       tapes ... ...ct discs, DVDs or
       other ... ...rded media;

    c. Perso... ...elephones, DVD
       playe... ...e radios or
       televi...

    d. Any c... ...used with electronic
       equip... ...receive or transmit
       ...nals.

17. Damage ... ...o:

    a. Prior

    b. Manu... ...or faulty materials;
       and

    c. **Your** ...d/or proper
       main... ...bed by the
       manu...

18. **Loss** due... ...r conversion of a
    **covered** ...hicle ...ts
    equipmen...

    a. By yo... ...er or any other
       perso... ...er on t...
       **Decla...**

    b. When ... ...le sign of forced entry
       into th... ...or loan... **vehicle.**

19. **Loss** to a... ...loane... **vehicle:**

    a. Prior ... ...ou; or

    b. Due t... ...delivery to you.

20. **Loss** res... ...chase of a **covered**
    **auto** fro... ...ganization other than
    the **auto'...**

21. **Loss** to a... ...y snow ...emoval
    equipmen...

22. **Loss** to a... ...le, motor home or
    travel trai...

23. Amounts...

    a. Milea...

    b. Fuel;...

    c. **Colli...** ...er;

---

    d. M...

    e. I...

    f. T...

24. **Loss** ... ...lia...ty assumed by **you**
    or a ... ...nd ...y contract or
    agre...

25. **Loss** ... ...e... ...e of any **auto** by:

    a. A...

    b. A... ...er;

    c. A... ...e ...d or suspended
       ... ...sea... or

    d. A... ...er.

B. **We** do n... ...e... ...ss arising out of
   the own... ...co ...or se of:

    1. Any ... ...ss than four wheels or
       whic... ...s... ...nly off public roads
       such ... ...t... ...i... or quad vehicle,
       dunc... ...art. This exclusion
       does ... ...

    2. A co... ...e... ...hicle that:

       a. H... ...ea..., subleased, loaned
          c... ...a ...ly **member** to
          a ... ...e for money, value,
          g... ...m ...sation or
          t...

       b. I... ...e ...ha...ge for

       c. I... ...e...s agreement by
          y...

       d. I... ...yone other than
          ... ...for consignment;
          ... ...asing; leasing;
          ... ...o longer in **your**

**LIMIT** OF LI...

A. **Our** limi... ...ll not exceed the
   lowest o...

    1. **Actu...** ...naged property at
       the t... ...ss reduced by:

       a. T... ...shown on the
          ...

       b. T... ...the **owner** retain

    2. Amo... ...a...ir the physical
       dam... ...pa...ts if the **loss** is
       limit... ...s pre-**loss**
       phys... ...y the applicable
       ded... ...arations Page;**

12136 (12012017)

... l Insurance Corporation

Case ID: 230902133

**Integon General Insurance Corporation**

This Endorsement Applies Only If
Form Number 11348 (09012014) Appears on the **Declarations Page**.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**DOUBLE DEDUCTIBLE**

All the provisions of the Personal Auto Policy apply except as modified by this endorsement.

**PART D > COVERAGE FOR DAMAGE TO YOUR AUTO**

The following provision is added to PART D:

**DOUBLE DEDUCTIBLE**

A.  **Loss** Occurs During the First 60 Days

If a **loss** occurs during the first 60 days after the Policy first becomes effective or during the first 60 days after the effective date of any reinstatement, rewrite or renewal with a lapse or gap in coverage, the deductible listed on the **Declarations Page** for Collision Coverage and/or Comprehensive Coverage will be doubled. This increased deductible amount will apply to all **collision** and/or **other than collision** claims occurring within this first 60 day period.

For illustrative purposes only, if **your** elected deductible is $500 and loss occurs in the first 60 days, **your** deductible will then be $1,000.

B.  **Loss** After Day 60

If a **loss** occurs more than 60 days after the Policy first becomes effective or more than 60 days after the effective date of any reinstatement, rewrite or renewal with a lapse or gap in coverage, the deductible listed on the **Declarations Page** for Collision Coverage and/or Comprehensive Coverage will be the amount for which **you** will be responsible.

For illustrative purposes only, if **your** elected deductible is $500 and **loss** occurs after day 60, **your** deductible will remain at $500.

C.  This endorsement applies to reinstatements and renewals after lapse regardless of whether **we** assign a new policy number or retain the original policy number after the lapse.

D.  This endorsement does not apply to policies that are renewed or otherwise remain in force with no lapse in coverage.

**Integon General Insurance Corporation**

This Endorsement Applies Only If
Form Number 12139 (12012017) Appears in the Declarations.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NAMED DRIVER AND NAMED AUTO ONLY COVERAGE**

Coverage is provided under this endorsement only when noted in the Declarations of this policy.

All the provisions of this policy apply to the coverage provided by this endorsement except as modified herein.

**YOUR POLICY AND ALL OF ITS PARTS AND ENDORSEMENTS PROVIDE COVERAGE ONLY FOR A VEHICLE LISTED IN THE DECLARATIONS. THERE IS NO COVERAGE FOR ANY VEHICLE NOT LISTED IN THE DECLARATIONS. THIS MEANS A VEHICLE THAT IS BORROWED; OWNED; RENTED; LEASED; OR FURNISHED OR MADE AVAILABLE FOR YOUR REGULAR USE WILL NOT BE COVERED UNDER THIS POLICY UNLESS IT IS LISTED IN THE DECLARATIONS.**

**COVERAGE UNDER PART A – LIABILITY COVERAGE WILL BE PROVIDED ONLY ON BEHALF OF DRIVERS NAMED IN THE DECLARATIONS WHILE OPERATING YOUR COVERED AUTO. IF A DRIVER OF YOUR COVERED AUTO IS NOT NAMED IN THE DECLARATIONS AS A DRIVER, THEN WE WILL NOT PROVIDE LIABILITY COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE ON BEHALF OF THAT DRIVER EVEN IF HE OR SHE HAS PERMISSION TO DRIVE YOUR COVERED AUTO.**

**COVERAGE UNDER PART D – COVERAGE FOR DAMAGE TO YOUR AUTO WILL ONLY BE PROVIDED FOR VEHICLES LISTED IN THE DECLARATIONS FOR YOU AND DRIVERS NAMED IN THE DECLARATIONS. IF A DRIVER IS NOT NAMED IN THE DECLARATIONS AS A DRIVER, THERE IS NO COVERAGE UNDER PART D.**

**DEFINITIONS**

With respect to **your** policy and any applicable endorsements, the following definitions are deleted and replaced as follows:

H.   **"Covered auto"** means: any **auto** shown in the Declarations for which a premium has been paid.

II.   Throughout this policy, **"You"** and **"Your"** refer to the named insured shown in the Declarations under the title "Named Insured".

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

The following is added to paragraph A:

> **THERE IS NO COVERAGE UNDER THIS PART A FOR BODILY INJURY AND/OR PROPERTY DAMAGE ON BEHALF OF ANYONE DRIVING YOUR COVERED AUTO UNLESS HE OR SHE IS NAMED AS A DRIVER IN THE DECLARATIONS.**

The definition of **"insured"** as used in PART A is deleted and replaced with the following:

"Insured" means:

1.   **you**, for the ownership, maintenance, or use of **your covered auto** or **loaner vehicle**.

2.   a **family member** for the ownership, maintenance, or use of **your covered auto** as long as such **family member** is named as a driver in the Declarations.

3.   any other person named as a driver in the Declarations while using **your covered auto** with, and within the scope of, **your** permission.

**EXCLUSIONS**

The following exclusions are deleted and replaced as follows:

A.   **We** do not provide Liability Coverage for, nor do **we** have a duty to defend for:

2.   **Property damage** to property:

  a. Owned by;

  b. Rented to;

  c. Used by;

  d. Transported by; or

  e. In the case, custody or control of;

**you**, or any person named as a driver in the Declarations.

This exclusion does not apply to **property damage** to a residence or private garage rented to **you**, or any person named as a driver in the Declarations.

5.   **Bodily injury** or **property damage** that occurs while the **insured** is employed or otherwise engaged in any **motor vehicle business**. However, this exclusion does not apply to the **ownership**, maintenance or use of **a covered auto** by **you** or any person named as a driver in the Declarations.

6.   **Bodily injury** or **property damage** that occurs while maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the **Declarations Page** for an **auto** shown on the **Declarations Page**, this exclusion does not

Case ID: 230902133

apply to the **ownership**; maintenance; or use of that **auto** by:

    a. **You**;

    b. any person named as a driver in the Declarations.

7. **Bodily injury** or **property damage** that occurs while any person is using an **auto** without the **owner's** express or implied permission or beyond the scope of the **owner's** express or implied permission. This exclusion does not apply to **you** or any person named as a driver in the Declarations.

The following exclusions are deleted and replaced as follows:

B. **We** do not provide Liability Coverage for, nor do **we** have a duty to defend, any **insured** for **bodily injury** or **property damage** arising out of the **ownership**, maintenance, or use of:

    4. A **covered auto** that:

        a. Has been rented, leased, subleased, loaned or given by **you** or any person named as a driver in the Declarations to another party in exchange for money, value, goods, services, compensation or reimbursement;

        b. Has been given in exchange for compensation;

        c. Is under a conditional sales agreement by **you** to another; or

        d. Has been entrusted to anyone other than **you** or any person named as a driver in the Declarations for consignment; sale; promoting sale; subleasing; leasing; renting; or selling, and is no longer in **your** possession.

## OTHER INSURANCE

The **OTHER INSURANCE** provision is deleted and replaced with the following:

If there is other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit bears to the total of all applicable limits.

## PART B – FIRST PARTY BENEFITS COVERAGE

## INSURING AGREEMENT

The definition of **"insured"** as used in PART B is deleted and replaced with the following:

E. **"Insured"** means:

    1. **You** or any **family member**;

    2. Any other person:

        a. While **occupying** a **covered auto** or a **loaner vehicle** or

        b. While a pedestrian if injured as a result of an **accident** in Pennsylvania involving a **covered auto**

when your **covered auto** is being operated by you or any person named as a driver in the Declarations.

If a **covered auto** or **loaner vehicle** is parked and unoccupied it is not a **motor vehicle** involved in an **accident** unless it was parked in an manner as to create an unreasonable risk of injury.

## EXCLUSIONS

The following exclusions are deleted and replaced as follows:

3. That occurs while the **insured** is employed or otherwise engaged in any **motor vehicle business**. However, this exclusion does not apply to the **ownership**, maintenance or use of a **covered auto** by **you** or any person named as a driver in the Declarations.

4. That occurs while maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching). However, if a **business** or artisan use is noted on the **Declarations Page** for an **auto** shown on the **Declarations Page**, this exclusion does not apply to the **ownership**; maintenance; or use of that **auto** by:

    a. **You**;

    b. Any person named as a driver in the Declarations;

    c. Any partner, agent or employee of **you**

5. That occurs while any person is using an **auto** without the **owner's** express or implied permission or beyond the scope of the **owner's** express or implied permission. This does not apply to **you** or any person named as a driver in the Declarations when using or **occupying** a **covered auto**.

15. Sustained by any person while maintaining or using a **motor vehicle** knowingly converted by that person. However, this exclusion does not apply to:

    a. **You**; or

    b. Any person named as a driver in the Declarations.

17. Sustained by a pedestrian if the **accident** occurs outside of Pennsylvania. This exclusion does not apply to:

    a. **You**; or

    b. Any person listed as a driver in the Declarations.

## PART D – COVERAGE FOR DAMAGE TO YOUR AUTO

## INSURING AGREEMENT – COLLISION COVERAGE

is deleted and replaced by the following:

Case ID: 230902133

**THERE IS NO COVERAGE UNDER THIS PART D:**

1.  **IF YOUR COVERED AUTO IS DRIVEN BY SOMEONE WHO IS NOT NAMED AS A DRIVER IN THE DECLARATIONS; OR**

2.  **FOR ANY AUTO THAT IS NOT LISTED IN THE DECLARATIONS.**

If **you** pay **us** the premium for Collision Coverage and it is shown on the **Declarations Page**, **we** will pay for **loss** to a **covered auto** and its permanently installed equipment caused by a **collision**, and **loss** to a **loaner vehicle**, including its equipment attached thereto, used while a covered auto is being transported, serviced, repaired or inspected by the motor vehicle dealer, caused by a **collision**. **Our** payment will be reduced by the applicable deductible shown on the **Declarations Page**. No coverage will apply to any **additional auto** or **replacement auto** at any time if such **auto** or its use is not an acceptable risk under **our** Rules in effect at the time the **auto** is added to the Policy.

The following provisions are added to the **INSURING AGREEMENT – COLLISION COVERAGE:**

All references in PART D to a non-owned **auto** are deleted. All references to a non-owned **auto** in any endorsement applicable to PART D are deleted.

**We** will provide coverage only to an **auto** that is shown in the Declarations for which Collision Coverage and/or Other Than Collision Coverage is applicable.

**INSURING AGREEMENT – COMPREHENSIVE COVERAGE** is deleted and replaced by the following:

**THERE IS NO COVERAGE UNDER THIS PART D:**

1.  **IF YOUR COVERED AUTO IS DRIVEN BY SOMEONE WHO IS NOT NAMED AS A DRIVER IN THE DECLARATIONS; OR**

2.  **FOR ANY AUTO THAT IS NOT LISTED IN THE DECLARATIONS.**

If **you** pay **us** the premium for Comprehensive Coverage and it is shown on the **Declarations Page**, **we** will pay for **loss** to a **covered auto** and its permanently installed equipment caused by **other than collision**, and **loss** to a **loaner vehicle**, including its equipment attached thereto, used while a covered auto is being transported, serviced, repaired or inspected by the motor vehicle

dealer, caused by a **collision.**. **Our** payment will be reduced by the applicable deductible shown on the **Declarations Page**. No coverage will apply to any **additional auto** or **replacement auto** at any time if such **auto** or its use is not an acceptable risk under **our** Rules in effect at the time the **auto** is added to the Policy.

Only **losses** caused by **collision** or one of the listed perils under **other than collision** are covered under PART D > COVERAGE FOR DAMAGE TO YOUR AUTO.

The following provisions are added to the **INSURING AGREEMENT – COMPREHENSIVE COVERAGE**

All references in PART D to a non-owned **auto** are deleted. All references to a non-owned **auto** in any endorsement applicable to PART D are deleted.

**We** will provide coverage only to an **auto** that is shown in the Declarations for which Collision Coverage and/or Other Than Collision Coverage is applicable.

**EXCLUSIONS**

The following exclusions are deleted and replaced as follows:

4.  **loss** to **your covered auto** or **loaner vehicle** while maintained or used by any person employed or otherwise engaged in any **business** not described in Exclusion 6. If a **business** or artisan use is noted in the Declarations for an **auto** shown in the Declarations, this exclusion does not apply to the ownership; maintenance; or use of that **auto** by:

    a.  **you**; or

    b.  any person named as a driver in the Declarations.

**OTHER SOURCES OF RECOVERY**

The **OTHER SOURCES OF RECOVERY** section is deleted and replaced with the following:

If other insurance also covers the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. Any applicable deductible of this policy will be taken in a proportionate share based on the applicable deductibles of each policy.

EXHIBIT B

Case ID: 230902133

## RICHARD A. GUTMAN, ESQUIRE
ATTORNEY-AT-LAW
8515 FRANKFORD AVENUE
PHILADELPHIA, PA 19136
-------------------------
TELEPHONE (215) 335-4700
TELEFAX (215) 333-8140

EMAIL ADDRESS: rgutman06@verizon.net

July 7, 2022

Mr. Rashaan Gilbert
National General Insurance Company
P.O. Box 1623
Winston-Salem, NC 27102

Re:    **Our Client/Your Insured: Kenneth Greenwald**
**Claim No: 210246086**
**Our File No. 6725**
**Date of Loss: 6/4/21**

Dear Mr. Gilbert:

As your file in reference to this matter reflects, my office represents your insured, Kenneth Greenwald. You had been assigned to handle the first party benefits claim. As it now turns out we will be looking to National General for underinsured motorist coverage as the at-fault driver had only $25,000.00 in liability insurance coverage which coverage has been tendered.

I would appreciate it if you would kindly refer this matter to a UIM adjuster requesting that he or she contact my office directly.

I thank you for your courtesy and cooperation in this regard.

Very truly yours,

RICHARD A. GUTMAN

RAG/pad
Cc: Kenneth Greenwald

EXHIBIT C

Case ID: 230902133



# NATIONAL GENERAL®
### an *Allstate* company
PO Box 1623 • Winston-Salem, NC 27102-1623

July 15 2022

RICHARD A GUTMAN ATTORNEY AT LAW
8515 FRANKFORD AVE
PHILADELPHIA, PA 19136-2499

RE: Claim Number: 210246086
    Date of Loss:   June 4, 2021
    Named Insured: Kenneth Greenwald

To whom it may concern,

This is to confirm receipt of your letter of representation on behalf of your client, Kenneth Greenwald for an incident occurring on June 4, 2021.

We have concluded our investigation of this matter. Kenneth's auto policy carries a limit of $15,000 per person/ $30,000 per occurrence for Uninsured/Underinsured Bodily Injury coverage.

We have confirmed with the other insurance company, GEICO, on June 12, 2022, that they have no outstanding coverage issues for this accident. GEICO advised that their policy at the time of this loss carries the limits of $25,000 per person/ $50,000 per occurrence.

At this time, given the other parties policy carries a higher amount of coverage, and our entitlement to an offset of their bodily injury coverage, we are closing our Uninsured/ Underinsured Motorist Bodily Injury claim.

Please contact me at the number provided below with any questions.

*Kayla Chasse*
Injury Consultant I
On behalf of Integon General Insurance Corporation
PO BOX 1623 Winston Salem, NC 27102-1623
Direct (716) 932-5914 • Toll Free (800) 468-3466 • Fax (800) 924-0273

If you are emailing me a claim-specific communication, please send it to CLAIMS@NGIC.COM with the claim number in the subject line. Thank you.

157927037 - PA - 04/02/2019

Case ID: 230902133

EXHIBIT D

Case ID: 230902133

# RICHARD A. GUTMAN, ESQUIRE

ATTORNEY-AT-LAW
8515 FRANKFORD AVENUE
PHILADELPHIA, PA 19136
------------------------
TELEPHONE (215) 335-4700
TELEFAX (215) 333-8140

EMAIL ADDRESS: rgutman06@verizon.net

July 18, 2022

Ms. Kayla Chasse
National General Insurance Company
P.O. Box 1623
Winston-Salem, NC 27102

Re:     **Our Client/Your Insured: Kenneth Greenwald**
        **Claim No: 210246086**
        **Our File No. 6725**
        **Date of Loss: 6/4/21**

Dear Ms. Chasse:

As follow-up to our conversation last week, I am attaching a Legal Journal article involving the interplay between liability  and UIM coverages. As noted, Pennsylvania is an "excess" and not a "gap" state. If the policy language provides for gap coverage then that policy language is void as against public policy and will not be enforced on the State of Pennsylvania. Although I have not as yet seen the policy which you are to provide, I am reasonably certain that it does not provide for gap coverage.

I look forward to hearing from you promptly.

Very truly yours,


RICHARD A. GUTMAN


RAG/pad
Enclosure
Cc: Kenneth Greenwald

EXHIBIT E

Case ID: 230902133

**Richard Gutman**

| | |
|---|---|
| **From:** | Chasse, Kayla <Kayla.Chasse@NGIC.COM> |
| **Sent:** | Tuesday, July 19, 2022 12:43 PM |
| **To:** | Richard Gutman |
| **Subject:** | RE: Kenneth Greenwald; Claim No. 210246086 |
| **Attachments:** | greenwald policy.pdf |

Please see Mr. Greenwalds policy language, in specific on page 18 of 32.

In specific:
E. Any payment under PART C > UNINSURED AND UNDERINSURED MOTORIST BODILY INJURY COVERAGE will be reduced by all sums:
1. Paid or payable from or on behalf of persons or organizations that may be legally liable. This includes, but is not limited to, all sums paid or payable under PART A > LIABILITY COVERAGE; and

**From:** Richard Gutman <rgutman06@verizon.net>
**Sent:** Monday, July 18, 2022 2:38 PM
**To:** Chasse, Kayla <Kayla.Chasse@NGIC.COM>
**Subject:** Re: Kenneth Greenwald; Claim No. 210246086

WARNING:

This Message came from an external source. Please exercise caution when opening any attachments or clicking on links.

Dear Ms. Chasse:

Please see the attached.

Thank you,

Richard A. Gutman, Esquire
8515 Frankford Avenue
Philadelphia, PA 19136
215-335-4700 office
215-333-8140 fax
215-292-4592 cell
rgutman06@verizon.net

 This email has been checked for viruses by Avast antivirus software.
www.avast.com

Case ID: 230902133

EXHIBIT F

Case ID: 230902133

# RICHARD A. GUTMAN, ESQUIRE
ATTORNEY-AT-LAW
8515 FRANKFORD AVENUE
PHILADELPHIA, PA 19136
--------------------------
TELEPHONE (215) 335-4700
TELEFAX (215) 333-8140

EMAIL ADDRESS: rgutman06@verizon.net

July 20, 2022

Ms. Kayla Chasse
National General Insurance Company
P.O. Box 1623
Winston-Salem, NC 27102

Re:  **Our Client/Your Insured: Kenneth Greenwald**
**Claim No: 210246086**
**Our File No. 6725**
**Date of Loss: 6/4/21**

Dear Ms. Chasse:

I have taken the opportunity to thoroughly review what you purport to be the insuring policy covering Mr. Greenwald.  Having done so, I conclude that your interpretation of the policy language, as it applies to UIM coverage, is accurate in that this particular policy provides for "gap" coverage.  HOWEVER, Pennsylvania is an "excess" state, which means that UIM coverage starts with dollar one. As noted in the article that I recently sent you, it states that: "UIM coverage is excess coverage in Pennsylvania.  In some states, UIM coverage is considered gap coverage."  This would be your policy written in North Carolina. Since the policy provisions of your State's insuring policy is contrary to the law of the State of Pennsylvania, the Courts will, unquestionably, reform the contract to comply with the law applicable to the State of Pennsylvania.

If need be, I will file a Declaratory Judgment Action to have the Court reform the contract, following which I will bring a lawsuit against National General Auto, Home & Health Insurance Company for Breach of Contract as well a Statutory Bad Faith claim, wherein I will seek punitive damages and counsel fees as permitted by law. Do you really want to go through all of this litigation for $15,000.00 with the potential exposure of tens of thousands of dollars in punitive damages and counsel fees?

I strongly recommend that your supervisor confer with house counsel and seek their legal opinion as to the efficacy of your policy.

I will assume that 10 days will be sufficient for you to review this material with your supervisor and counsel and to respond by an acknowledgement of coverage. If I do not hear from you within that time, you leave me no choice but to file a Declaratory Judgment Action as the first phase of this litigation process.

Very truly yours,

RICHARD A. GUTMAN

RAG/pad
Enclosure
Cc: Kenneth Greenwald

Case ID: 230902133

KENNETH GREENWALD, INDIVIDUALLY   :
AND ON BEHALF OF A CLASS OF      :  COURT OF COMMON PLEAS
SIMILARLY SITUATED PERSONS       :  PHILADELPHIA COUNTY
                                     :
       v.                   :  SEPTEMBER TERM, 2023
                                     :  No.2133
INTEGON GENERAL INSURANCE     :
CORPORATION                     :

*Filed and Attested by the
Office of Judicial Records
02 OCT 2023 09:43 am
S. GILLIAM*

## CERTIFICATE OF SERVICE OF LEGAL PAPERS
## PURSUANT TO PA R.C.P. 403

      I, James C. Haggerty, Esquire, Attorney for Plaintiff, certify that a copy of the Complaint filed on September 21, 2023 was sent to Defendant, Integon General Insurance Corporation at 500 West Fifth Street, Winston Salem, NC 27102 and 5630 University Parkway, Winston Salem, NC 27105-1312 by Certified Mail, Return Receipt Requested on September 22, 2023. The Complaint was received by the defendant on September 26, 2023. True and correct copies of the letters to Integon General Insurance Corporation and the Certified Mail Return Receipt, Article Nos.: 9589 0710 5270 0833 1190 13 and 9589 0710 5270 0833 1190 99 with the green card confirmations are attached hereto.

                                 HAGGERTY, GOLDBERG, SCHLEIFER
                                 & KUPERSMITH, P.C.

DATE: 10/2/23         BY:  _____
                                  James C. Haggerty, Esquire
                                  1801 Market Street, Suite 1100
                                  Philadelphia, PA 19103
                                  Attorney for Plaintiff



James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone:  (267) 350 – 6600 ext.142
Fax:    (215) 665 – 8201
Email:  jhaggerty@HGSKLawyers.com

HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.

Charles J. Schleifer
James C. Haggerty
Gary D. Goldberg
Richard T. Kupersmith
Mark J. Kogan
Jason R. Weiss *
Scott J. Schleifer *

Gina R. Amarante-Craig *
Renae Axelrod
Ruth Bowers *
Matthew D. Colavita *
Jeffrey K. Stanton *

Michael Alexanian *
Joseph P. Bradica *
Clifford Bryman
Dennis C. Coyne *
Eileen V. Dooley
Caitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel
John J. Beichert
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *
Michael Steiman

* Member of NJ Bar

September 22, 2023

Integon General Insurance Corporation
500 West Fifth Street
Winston Salem, NC  27102

Re:   Greenwald v. Integon

Dear Sir or Madam:

Enclosed please find a Civil Action Complaint relative to the above matter. This Complaint has been filed in the Court of Common Pleas of Philadelphia County. Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

Very truly yours,

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

James C. Haggerty



N RECEIPT REQUESTED



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone:  (267) 350 – 6600 ext.142
Fax:      (215) 665 – 8201
Email:   jhaggerty@HGSKLawyers.com

September 22, 2023

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
Mark J. Kogan
Jason R. Weiss *
Scott J. Schleifer *

Ana R. Amarante-Craig *
Renae Axelrod
Beth Bowers *
Matthew D. Colavita *
Jeffrey K. Stanton *

Michael Alexanian *
Joseph P. Bradica *
Clifford Bryman
Dennis C. Coyne *
Eileen V. Dooley
Kaitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel

John J. Beichert
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *
Michael Steiman

*Member of NJ Bar

Integon General Insurance Corporation
5630 University Parkway
Winston Salem, NC  27105-1312

Re:    <u>Greenwald v. Integon</u>

Dear Sir or Madam:

Enclosed please find a Civil Action Complaint relative to the above matter. This Complaint has been filed in the Court of Common Pleas of Philadelphia County. Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

Very truly yours,

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

James C. Haggerty



ECEIPT REQUESTED

1

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Integon General Insurance
Corporation
500 West Fifth Street
Winston Salem, NC
27102

9590 9402 8070 2349 6291 43

2. Article Number (Transfer from service label)
9589 0710 5270 0833 1190 99

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Integon General Insurance
Corporation
5630 University Parkway
Winston Salem, NC
27105-1312

9590 9402 8070 2349 6291 36

2. Article Number (Transfer from service label)
9589 0710 5270 0833 1190 13

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

SEP 26 2023

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt