IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GREENWALD, individually and on behalf of a class of similarly situated persons,  :<br><br>Plaintiff,  :<br><br>v.  :<br><br>INTEGON GENERAL INSURANCE CORPORATION,  :<br><br>Defendant.  : | :<br>:<br>:<br>:<br>CIVIL ACTION<br>:<br>:<br>No. 2:23-cv-4119-JHS<br>:<br>CLASS ACTION<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW,** this 31st day of July 2025, upon consideration of the motion by class counsel Shub Law Firm LLC; Haggerty, Goldberg, Schleifer, & Kupersmith, P.C.; and Schmidt Kramer, P.C. for preliminary approval of the proposed class action settlement agreement (Doc. No. 22), it is **ORDERED** that the Motion (Doc. No. 22) is **GRANTED** as follows:

    1.    The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement and finds that it falls within the range of reasonableness meriting possible final approval.

    2.    The Court therefore preliminarily approves the Settlement on the terms set forth in the Agreement, subject to further consideration at the Final Approval Hearing.

    3.    The Court appoints Angeion as the Claims Administrator. It shall provide notice to the Class and administer the claims process as set forth in the Settlement Agreement. Consistent with the Settlement Agreement, the responsibilities of the Claims

Administrator will include: (a) updating addresses for class members and seeking new addresses for class members whose notices are returned as undeliverable; (b) disseminating the notice to the Class by mail and publication; (c) maintaining a website to enable Class Members to access relevant documents, including the Notices and claim form; (d) responding to inquiries by class members; and (e) verifying the validity and timeliness of claims, subject to review by the parties. Pursuant to the Settlement Agreement, the cost of the Claims Administrator's services shall be paid by Defendants.

4.   The Court approves the form, substance, and requirements of the Publication Notice and Mail Notice (collectively, the "Settlement Notices"), attached as Exhibits A-B to the Settlement Agreement.

5.   The Settlement Notices clearly explain Class Members' rights, including the nature of the action, the Class definition, how to submit a claim, Settlement Class Members' right to make an appearance with an attorney, Class Members' right to object to the Settlement, the scope of the release of Defendants, and the binding effect of a final judgment. See Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

6.   The Settlement Notices also explain that Class Counsel may request up to $175,000.00 for attorneys' fees, expenses. The Court reserves decision on the contemplated requests until after the Fairness Hearing.

7.   The Settlement Notices will be transmitted to Settlement Class members by first-class mail and e-mail. The Settlement Notices will also be available on a case-specific settlement website.

8.   The Court finds that disseminating the Settlement Notices as approved by this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is reasonable, and constitutes the best notice practicable under

the circumstances.

9. No later than thirty (30) days from the date of this Order, the Settlement Notices shall be mailed and disseminated substantially in the forms attached to the Settlement Agreement and in accordance with the notice plan set forth in the Agreement.

10. No later than thirty (30) days after the final determination of the Settlement Benefits to be paid to Class Members as determined by Integon, or in the event of appeal (s) the Special Master, Class Counsel shall file a Motion for Final Approval of the Settlement and their application(s) for an award of attorney's fees and expenses.

11. The deadline for Class members to submit claims and to object to the Settlement, the Petition for an Award of Attorneys' Fees and Litigation Expenses, and the request for a Service Award shall be no later than forty-five (45) days from the date of publication of the Notice to class members. Objections must be made in writing in accordance with the instructions set forth in the Settlement Notices.

12. The Claims Administrator's Affidavit of Compliance with Notice requirements shall be filed no later than twenty-one (21) days prior to the Final Approval Hearing.

13. At least thirty (30) days prior to the Final Approval Hearing, the Defendants shall file with the Court proof of their compliance with the provisions of the Class Action Fairness Act requiring that each settling defendant serve upon the appropriate state and federal officials notice of a proposed settlement. 28 U.S.C. § 1715(b).

14. Any replies in support of the Motions for Final Approval, Attorneys'

Fees and Litigation Expenses, and Plaintiff's Service Award shall be filed no later than seven (7) days prior to the Final Approval Hearing.

15. The Court will hold a hearing **on December 18, 2025 at 10:30 a.m.** at the United States District Court for the Eastern District of Pennsylvania, Courtroom 13A (the "Final Approval Hearing" or "Fairness Hearing") for the following purposes: (a) to finally determine whether the Proposed Class Action Settlement is fair, reasonable and adequate and should be granted Final Approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure; (b) to determine whether a Final Judgment should be entered dismissing the claims of the Class against Defendants with prejudice, as required by the Settlement Agreement; (c) to consider Class Counsel's Petition for Award of Attorneys' Fees and Litigation Expenses; (d) to consider the Petition for a Service Award to Plaintiff; (e) to consider any objections; and (f) to consider such other matters as the Court may deem appropriate.

16. The Court shall retain continuing jurisdiction over the Action to consider all further matters arising out of or connected to the Settlement, as well as the administration thereof.

BY THE COURT:

/s/ Joel H. Slomsky, J.

JOEL H. SLOMSKY, J.