IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH GREENWALD, individually and on behalf of a class of similarly situated persons, : : : : : : | |
| Plaintiff, : : | CIVIL ACTION |
| v. : : | No. 2:23-cv-4119-JHS |
| INTEGON GENERAL INSURANCE CORPORATION, : : : : | CLASS ACTION |
| Defendant. : : | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

AND NOW, this 3rd day of February, 2026, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement and for Approval of Attorney's Fees and Expenses (Doc. No. 41), as well as all supporting materials and after dissemination of Notice to class members and a hearing held on February 3, 2026, it is hereby **Ordered** that the Motion (Doc. No. 41) is **GRANTED**, and Final Judgment is entered as follows:

1. The Court has jurisdiction over the subject matter of and parties to this litigation.

2. After a hearing held on July 30, 2025, this Court entered an order granting preliminary approval of the Settlement Agreement and directing notice to the class members by mail and publication.

3. Terms used in this Order, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

4. The Court has reviewed the terms of the Settlement Agreement in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975), namely: (A) the

complexity, expense and likely duration of the litigation; (B) the reaction of the class to the settlement; (C) stage of the proceedings and the amount of discovery completed;(D) risks of establishing liability; (E) risks of establishing damages; (F) risk of maintaining the class action through the trial; (G) ability of the Defendant to withstand a greater judgment; (H) the range of reasonableness of the settlement fund in light of the best possible recovery; and (I) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation.

5. The Court has also reviewed the Settlement's terms in light of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), namely whether: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;(iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); (D) the proposal treats class members equitably relative to each other.

6. In careful consideration of the above factors, the Court finds that the terms and conditions set forth in the Settlement Agreement, including all exhibits thereto, are fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.  Accordingly, the Court approves the Settlement Agreement and directs the Parties to perform in accordance with its terms and conditions.

7. The Court finds that the distribution of the mail and publication Notices to Class Members was in compliance with the Court's July 31, 2025 Order approving the proposed class notices and notice plan, and that notice has been given in an adequate and sufficient manner;

constitutes the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23 and due process.

8. Defendant has provided notice of the settlement to the appropriate government officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9. The Court grants a service award of $5,000 to Plaintiff.

10. The Court grants attorney's fees and expenses to Class Counsel in the amount of $175,000.

11. This Order is the Final Judgment as defined in the Settlement Agreement.

12. The provisions of this Final Judgment are applicable to and binding upon Defendant and upon all members of the Class, their heirs, administrators, executors, agents, representatives, and assigns, and dismiss in their entirety and with prejudice the claims of Plaintiff and all members of the Class against Defendant without costs to any party against any other party except as otherwise provided herein.

13. The Final Judgment is intended by the parties and the Court to be res judicata and to prohibit and preclude any prior, concurrent or subsequent litigation, arbitration, or other proceeding brought individually, or in the name of, and/or otherwise on behalf of the Plaintiff or members of the Class with respect to any and all claims or issues which were or could have been raised in the Action as of the Effective Date, as set forth in Section XII of the Settlement Agreement.

14. Plaintiff and all members of the Class, individually and on behalf of their heirs, administrators, executors, agents, representatives, and assigns, are deemed to have conclusively settled and released all claims against Defendant arising from or related to the denial of any of the Released Persons of the Class Members' underinsured motorist claims seeking

benefits under Pennsylvania motor vehicle insurance policies during the relevant time period, and the other conduct alleged by Plaintiff, as more fully set out in the Settlement Agreement.

15. Plaintiff and all members of the Class, individually and on behalf of their heirs, administrators, executors, agents, representatives, and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against Defendant for any Released Claims, as more fully set out in section XII(2) of the Settlement Agreement.

16. Each member of the Class is barred and permanently enjoined from prosecuting any action in state or federal court, arbitration, or before any administrative body against Defendant with respect to any Released Claims, as more fully set out in paragraph XII of the Settlement Agreement.

17. This case is **DISMISSED WITH PREJUDICE**.

18. The Clerk of the Court is ordered to enter this Final Judgment forthwith.

19. In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

Dated: February 3, 2026

BY THE COURT:

/s/ Joel H. Slomsky, J.
_____
JOEL H. SLOMSKY, J
United States District Judge